UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

KING COUNTY, WASHINGTON,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

        v.

IKB DEUTSCHE INDUSTRIEBANK AG,          Civil Action No.
IKB CREDIT ASSET MANAGEMENT GmbH,    09-CV-08387 (SAS)
MOODY'S INVESTORS SERVICE, INC.,
MOODY'S INVESTORS SERVICE LIMITED,
THE McGRAW HILL COMPANIES, INC.
(d/b/a STANDARD & POOR'S RATINGS
SERVICES), FITCH, INC., WINFRIED REINKE
and STEFAN ORTSEIFEN,

                    Defendants.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT STEFAN ORTSEIFEN'S
MOTION TO DISMISS**

PHILLIPS LYTLE LLP
*Attorneys for Defendant Stefan Ortseifen*
3400 HSBC Center
Buffalo, New York  14203
Telephone No.:  (716) 847-8400

Of Counsel:
Thomas S. Wiswall, Esq.
Craig R. Bucki, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

    A.    Plaintiff's Complaint.......................................................................................... 2

    B.    Stefan Ortseifen's Lack of Contacts with New York ............................................. 3

POINT I    THERE IS NO BASIS FOR THE ASSERTION OF PERSONAL
        JURISDICTION OVER STEFAN ORTSEIFEN .................................................. 4

    A.    Civil Practice Law & Rules § 301 ...................................................................... 4

    B.    Civil Practice Law & Rules § 302 ...................................................................... 6

    C.    Plaintiff Has the Burden to Demonstrate a Basis for Jurisdiction .......................... 7

    D.    Plaintiff Cannot Satisfy the Jurisdictional Requirements Imposed by the
        CPLR Provisions ............................................................................................... 9

        1.    There Is No Basis for Asserting General Jurisdiction Under
            CPLR § 301 ............................................................................................ 9

        2.    There Is No Basis for Asserting Specific Personal Jurisdiction Under
            CPLR § 302 ............................................................................................ 10

            (a)    There Is No Basis for Jurisdiction Under CPLR § 302(a)(1):
                 Plaintiff's Fraud Claim Did Not Arise from Any Transaction by
                 Mr. Ortseifen in New York.......................................................... 10

            (b)    There Is No Basis for Jurisdiction Under CPLR § 302(a)(2):
                 Mr. Ortseifen Did Not Commit a Tort in New York State. .......... 11

            (c)    There Is No Basis for Jurisdiction Under CPLR § 302(a)(3):
                 Mr. Ortseifen Committed No Tort Causing Injury in
                 New York................................................................................... 12

            (d)    There Is No Basis for Jurisdiction Under CPLR § 302(a)(4):
                 Plaintiff's Fraud Claim Did Not Arise from Mr. Ortseifen's
                 Ownership of Real Property in New York.................................... 14

        3.    An Attempted Exercise of Jurisdiction over Mr. Ortseifen Would
            Fail to Satisfy the Requirements of Due Process....................................... 14

POINT II      THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
              STEFAN ORTSEIFEN ......................................................................................... 18

CONCLUSION ............................................................................................................................ 21

# TABLE OF AUTHORITIES

Page

**CASES**

Adams v. King County,
    164 Wash. 2d 640, 192 P.3d 891 (2008)..................................................................................19

Ashcroft v. Iqbal
    ("Iqbal"), 556 U.S. ___, 129 S.Ct. 1937 (2009) ............................................................18, 20

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    171 F.3d 779 (2d Cir. 1999)....................................................................................11, 12

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    305 F.3d at 127 ...............................................................................................................15

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................18

Best Van Lines v. Walker,
    490 F.3d 239 (2d Cir. 2007)...........................................................................................10

Brought to Life Music, Inc. v. MCA Records, Inc.,
    2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)....................................................................5

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985).......................................................................................................15

Burnham v. Superior Court,
    495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990)......................................14

Copp v. Ramirez,
    62 A.D.3d 23, 874 N.Y.S.2d 52 (1st Dep't 2009) ...........................................15, 17

CT Chem. (USA), Inc. v. Horizons Int'l,
    106 F.R.D. 518 (S.D.N.Y. 1985) ...............................................................................11

CutCo Indus. v. Naughton,
    806 F.2d 361 (2d Cir. 1986)...........................................................................................4

Duravest, Inc. v. Viscardi, A.G.,
    581 F. Supp. 2d 628 (S.D.N.Y. 2008)........................................................................16

Hanson v. Denckla,
    357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed. 2d 1283 (1958)....................................14, 15

Heinfling v. Colapinto,
    946 F. Supp. 260 (S.D.N.Y. 1996)............................................................................11

*In re Amaranth Natural Gas Commodities Litig.,*
    587 F. Supp. 2d 513 (S.D.N.Y. 2008)............................................................15, 16

*International Shoe Co. v. Washington,*
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)...................................................14

*Johnson v. Ward,*
    4 N.Y.3d 516 (2005) ................................................................................................7

*Karabu Corp. v. Gitner,*
    16 F. Supp. 2d 319 (S.D.N.Y. 1998)....................................................................8, 9

*Kelly v. MD Buyline, Inc.,*
    2 F. Supp. 2d 420 (S.D.N.Y. 1998)........................................................................12

*Kernan v. Kurz-Hastings, Inc.,*
    175 F.3d 236 (2d Cir. 1999)....................................................................................7

*Kramer v. Vogl,*
    17 N.Y.2d 27, 267 N.Y.S.2d 900 (1966) ..............................................................11

*Lancaster v. Colonial Motor Freight Line,*
    177 A.D.2d 152, 581 N.Y.S.2d 283 (1st Dep't 1992) ........................................5, 7

*Lefkowitz v. Bank of N.Y.,*
    ___ F. Supp. 2d ___, 2009 WL 5033951 (S.D.N.Y. Dec. 22, 2009)................18, 19

*Lerner v. Fleet Bank, N.A.,*
    459 F.3d 273 (2d Cir. 2006)..................................................................................19

*Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,*
    15 N.Y.2d 443 (1965) ..............................................................................................6

*Mende v. Milestone Tech.,*
    269 F. Supp. 2d 246 (S.D.N.Y. 2003)....................................................................11

*Merck & Co. v. Mediplan Health Consulting,*
    425 F. Supp. 2d 402 (S.D.N.Y. 2006)......................................................................8

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
    84 F.3d 560 (2d Cir. 1996)....................................................................................16

*NewMarkets Partners LLC v. Oppenheim,*
    638 F. Supp. 2d 394 (S.D.N.Y. 2009)................................................................4, 10

*O'Brien v. Miller,*
    60 A.D.3d 555, 876 N.Y.S.2d 23 (1st Dep't 2009) ................................................7

Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,
  85 F. Supp. 2d 282 (S.D.N.Y. 2000), aff'd, 2 Fed. Appx. 109 (2d Cir. 2001) ....................... 19

Overseas Media, Inc. v. Skvortsov,
  277 F. App'x 92 (2d Cir. 2008) ................................................................................. 5, 11

Palace Exploration Co. v. Petroleum Dev. Co.,
  41 F. Supp. 2d 427 (S.D.N.Y. 1998) ........................................................................ 10, 12

Parke-Bernet Galleries Inc. v. Franklyn,
  26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970) ......................................................................... 11

Patel v. Patel,
  497 F. Supp. 2d 419 (E.D.N.Y. 2007) ............................................................................... 5

Semi Conductor Materials v. Citibank Int'l PLC,
  969 F. Supp. 243 (S.D.N.Y. 1997) .................................................................................. 11

Shakour v. Fed. Republic of Germany,
  199 F. Supp. 2d 8 (E.D.N.Y. 2002) .............................................................................. 4, 13

Sherwin v. Indianapolis Colts, Inc.,
  752 F. Supp. 1172 (N.D.N.Y. 1990) ................................................................................. 7

Snyder v. Ply Gem Indus.,
  200 F. Supp. 2d 246 (S.D.N.Y. 2001) ............................................................................. 11

Spool v. World Child Int'l Adoption Agency,
  520 F.3d 178 (2d Cir. 2008) .......................................................................................... 20

Stewart v. Jackson & Nash,
  976 F.2d 86 (2d Cir. 1992) ............................................................................................ 20

Weinstein v. Appelbaum,
  193 F. Supp. 2d 774 (S.D.N.Y. 2002) ............................................................................ 20

Weinstock v. Le Sport,
  194 A.D.2d 400, 598 N.Y.S.2d 511 (1st Dep't 1993) ......................................................... 5

Whitaker v. Am. Telecasting, Inc.,
  261 F.3d 196 (2d Cir. 2001) .......................................................................................... 12

Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C.,
  41 F. Supp. 2d 453 (S.D.N.Y. 1999) ............................................................................ 4, 14

**STATUTES**

CPLR § 301................................................................................................1, 3, 4, 5, 6, 9

CPLR § 302................................................................................1, 6, 7, 10, 11, 12, 13, 14

**OTHER AUTHORITIES**

Fed. R. Civ. P., Rule 9(b).................................................................................1, 19

Fed. R. Civ. P., Rules 12(b)(2) and 12(b)(6) ............................................1, 18, 20, 21

## PRELIMINARY STATEMENT

Defendant Stefan Ortseifen submits this memorandum in support of his motion to dismiss this action and all claims alleged in the complaint against him, pursuant to Fed. R. Civ. P., Rules 12(b)(2) and 12(b)(6).[1]

As against Mr. Ortseifen, this action should be dismissed for two independent reasons. First, there is no basis for the assertion of personal jurisdiction over him. Mr. Ortseifen is a German citizen and has lived in Germany his entire life. Jurisdiction cannot be based on New York Civil Practice Law and Rules (CPLR), § 301, because he is not doing business in New York State, was not served with process here, does not own property here, and has not consented to jurisdiction here. Long-arm jurisdiction under CPLR § 302 is also not available. The last time Mr. Ortseifen was in New York State for any reason was in April 2006, more than a year before the occurrence of any of the events allegedly giving rise to plaintiffs' claim. Plaintiff's claim did not and could not arise out of any activity by Mr. Ortseifen in New York State, and the complaint contains no allegations to the contrary. Accordingly, there is no basis for the assertion of jurisdiction over him in this action.

Second, the complaint fails to state any claim against Mr. Ortseifen. The only legal theory alleged in the complaint is common law fraud. Despite the requirement in Fed. R. Civ. P., Rule 9(b) that plaintiff "must state with particularity the circumstances constituting fraud," the complaint nowhere refers to any act done or statement made by Mr. Ortseifen, either in New York or anywhere else.

---

[1] Although Mr. Ortseifen is also named as a defendant in a separate action by Iowa Student Loan Liquidity Corporation (SDNY, Civil Action No. 1:09-CV-08822 (SAS)), he has not been served with process in that action as of the date of this motion, so this motion is filed only in the action by King County, Washington.

## STATEMENT OF FACTS

### A.    Plaintiff's Complaint

The complaint contains a single "count" - common law fraud - and directs it "against all defendants" (Complaint, ¶¶ 176-190).  The so-called fraud consisted of credit ratings assigned by the rating agency defendants (Moody's, S&P, and Fitch) to a class of debt instruments issued by a structured investment vehicle known as Rhinebridge.  According to plaintiff's complaint, "Defendants made identical false and misleading statements by way of the ratings to members of the plaintiff Class on each day throughout the Class Period" (Complaint, ¶ 180).  The time period when the fraud allegedly occurred was "between June 1, 2007 and October 18, 2007" (Complaint, ¶¶ 170 and 180; see also ¶¶ 2, 4, and 76).

Despite its length of 190 paragraphs, filling 49 pages, the complaint says virtually nothing about Mr. Ortseifen.  He is referred to by name in only 2 of the 190 paragraphs (Complaint, ¶¶ 19 and 130).  Those paragraphs do not even purport to recite any of the elements of a fraud claim.  Instead, they say only that Mr. Ortseifen held positions at IKB Deutsche Industriebank AG and IKB Credit Asset Management GmbH until he retired on July 29, 2007, and that he "faces charges" in Germany, where he is a citizen and a resident.  Instead of making any allegations relating to anything done or said by Mr. Ortseifen himself, the complaint adopts the expedient of including him, along with IKB Deutsche Industriebank AG, IKB Credit Asset Management GmbH, and Winfried Reinke, within the collective term "IKB," thereby attempting to attribute to all four of those defendants anything that was allegedly done or said by any one of them (Complaint, ¶ 20).  Some allegations go even further, indiscriminately accusing the "defendants" of assorted misconduct.

Because the complaint treats all four of the so-called "IKB" defendants as one, it fails to give notice of what particular statements or actions <u>by Mr. Ortseifen</u>, if any, are claimed

to give rise to a cause of action for common law fraud.  In addition to its failure to particularize any representation by him, the complaint also fails to state that any such representation was false, that he made it with the necessary scienter to support a fraud claim, that the plaintiff or anyone else reasonably relied on it, and that any out-of-pocket loss was caused by such unstated reliance on such unstated misrepresentation.

      **B.**    **Stefan Ortseifen's Lack of Contacts with New York**

      The complaint also fails to allege any sufficient basis for the assertion of jurisdiction over him.  While acknowledging that Mr. Ortseifen is a citizen and resident of Germany, it offers nothing to connect Mr. Ortseifen with New York State.

      Plaintiff does not allege any basis for personal jurisdiction because there is none. As detailed in Mr. Ortseifen's supporting affirmation, he does not do business in New York State, has no continuing presence here, and has not engaged in any other activity that would subject him to jurisdiction under CPLR § 301.  To the extent that Mr. Ortseifen has any contacts with New York State, those contacts ended years ago and even then were both brief and infrequent.

      Of critical importance for this motion, Mr. Ortseifen has not had <u>any</u> contact with New York State relating to Rhinebridge.  The last time when Mr. Ortseifen was physically present in New York State for any reason was in April 2006, well before Rhinebridge was created and more than a year before the beginning of the relevant period that is defined in plaintiff's complaint.  In contrast to its failure to specify any wrongdoing by Mr. Ortseifen at any time, the complaint unequivocally specifies that the time period when "defendants" made their alleged misrepresentations, when the putative class members acted in reliance on those misrepresentations, and when those class members incurred their resulting losses, was "between June 1, 2007 and October 18, 2007" (Complaint, ¶ 170; see also ¶¶ 2, 3, 4, 76, and 180).  The

entire period relevant to plaintiff's complaint occurred well after Mr. Ortseifen's last visit to New York State. Thus, the claim made in this action did not and could not arise from any transaction of business or other activity by Mr. Ortseifen in New York State.

## POINT I

### THERE IS NO BASIS FOR THE ASSERTION OF PERSONAL JURISDICTION OVER STEFAN ORTSEIFEN

As detailed in his affirmation, Mr. Ortseifen is a citizen and resident of Germany with no residence or other presence in New York State. Non-residents of New York cannot be subject to jurisdiction here unless certain constitutional and statutory criteria are satisfied. See Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C., 41 F. Supp. 2d 453, 457 (S.D.N.Y. 1999).

The jurisdictional inquiry in this diversity action rests upon the law of New York, "the forum in which the court sits." CutCo Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). New York's statutory requirements for jurisdiction are set forth in CPLR §§ 301 and 302.

### A.     Civil Practice Law & Rules § 301

CPLR § 301 provides that "a court may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." That statute codifies "the traditional common law bases of personal jurisdiction such as presence, consent, domicile, and 'doing business.'" Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8, 15 (E.D.N.Y. 2002) (citation omitted). If a defendant has sufficient "continuous" and "permanent" contacts with New York, the Court may exercise "general jurisdiction" over any cause of action against him, pursuant to CPLR § 301. NewMarkets Partners LLC v. Oppenheim, 638 F. Supp. 2d 394, 401 (S.D.N.Y. 2009).

Case law construing § 301 has established that jurisdiction can be asserted over a non-domiciliary in four situations: (1) if service of process is made on the defendant (or the

defendant's designated agent) while the defendant is physically present within New York State; (2) if the defendant engages in a sufficient volume and quality of business in New York State to give rise to an inference of continuous presence in the state (the "doing business" test); (3) if the defendant affirmatively invokes the power of New York courts on its own behalf and voluntarily submits to New York jurisdiction; or (4) if the defendant owns property that is physically located in New York State (Weinstein Korn & Miller, New York Civil Practice:  CPLR § 301.10).

With particular regard to the second criterion above, a non-resident "does business" in New York when he "conduct[s], or purposefully direct[s] business, in New York not occasionally or casually, but with a fair measure of permanence and continuity."  Brought to Life Music, Inc. v. MCA Records, Inc., 2003 WL 296561, *3 (S.D.N.Y. Feb. 11, 2003).  Factors indicating such "permanent and substantial activity" include: (1) the existence of an office in New York, (2) the solicitation of business in the state, (3) the presence of bank accounts or other property in the state, and (4) the presence of employees of the foreign defendant in the state. Overseas Media, Inc. v. Skvortsov, 277 F. App'x 92, 94-95 (2d Cir. 2008).  A court may not exercise general personal jurisdiction over a defendant who satisfies none of these criteria, and whose contacts with New York have consisted solely of "isolated" and "incidental" activities. Patel v. Patel, 497 F. Supp. 2d 419, 425 (E.D.N.Y. 2007) Weinstock v. Le Sport, 194 A.D.2d 400, 401, 598 N.Y.S.2d 511, 511 (1st Dep't 1993).

In addition, personal jurisdiction cannot be grounded on this criterion unless the defendant is "doing business" in New York at the time when the action is commenced. Lancaster v. Colonial Motor Freight Line, 177 A.D.2d 152, 157, 581 N.Y.S.2d 283, 286 (1st Dep't 1992) (the defendant must be doing business when the suit is brought; jurisdiction cannot

be asserted under CPLR § 301 where the defendant ceased its operations well before "the crucial

time period when the action was commenced".)

      **B.**      **Civil Practice Law & Rules § 302**

       In the absence of general jurisdiction, the Court may alternatively exercise

"specific jurisdiction" over causes of action that resulted from the defendant's contacts with New

York, pursuant to CPLR § 302.  Section 302 provides in pertinent part as follows:

> (a)  Acts which are the basis of jurisdiction.  As to a cause of
> action arising from any of the acts enumerated in this section, a
> court may exercise personal jurisdiction over any non-domiciliary,
> or his executor or administrator, who in person or through an
> agent:
>
> > 1.  transacts any business within the state or contracts
> > anywhere to supply goods or services in the state; or
> >
> > 2.  commits a tortious act within the state, . . . or
> >
> > 3.  commits a tortious without the state causing injury to
> > person or property within the state . . . if he
> >
> > > (i) regularly does or solicits business, or engages in
> > > any other persistent course of conduct, or derives substantial
> > > revenue from goods used or consumed or services rendered, in the
> > > state, or
> > >
> > > (ii) expects or should reasonably expect the act to
> > > have consequences in the state and derives substantial revenue
> > > from interstate or international commerce; or
> >
> > 4.  owns, uses or possesses any real property situated within
> > the state.

       CPLR § 302 requires that the non-domiciliary engage "in some purposeful

activity in this State in connection with the matter in suit." Longines-Wittnauer Watch Co. v.

Barnes & Reinecke, Inc., 15 N.Y.2d 443, 457 (1965).  The threshold requirement of § 302 is that

it can only apply to "a cause of action arising from" the enumerated New York acts.  Thus,

activities conducted by the defendant in New York State cannot support the assertion of

jurisdiction under any of the separate subsections unless the plaintiff's cause of action against the defendant actually <u>arose from</u> those New York activities.

For example, in <u>O'Brien v. Miller</u>, 60 A.D.3d 555, 876 N.Y.S.2d 23 (1st Dep't 2009), the court held that defendant's employment in New York was not sufficient to support jurisdiction over him in New York: "while [defendant] is employed in New York, his employment here is unrelated to the contract between himself and plaintiffs, which he entered into personally in New Jersey, and not on behalf of his employer." Moreover, where the defendant's contacts with New York State are "attenuated" or "insubstantial," even if they do bear some relation to the matter in suit, they are not enough to subject the defendant to jurisdiction. <u>Johnson v. Ward</u>, 4 N.Y.3d 516, 520 (2005). It is essential that there be a "substantial relationship" between the plaintiffs' claim and the defendant's transaction of business in New York:

> What is crucial to the maintenance of a suit against a nondomiciliary under CPLR 302(a)(1) is the establishing of a substantial relationship or nexus between the business transacted by defendant in this State and the plaintiff's cause of action.

<u>Lancaster v. Colonial Motor Freight Line</u>, 177 A.D.2d at 158. A cause of action which bears only "a remote and indirect relationship" to the defendant's New York transaction will not support jurisdiction. <u>Sherwin v. Indianapolis Colts, Inc.</u>, 752 F. Supp. 1172, 1182 (N.D.N.Y. 1990).

**C.      Plaintiff Has the Burden to Demonstrate a Basis for Jurisdiction**

Where a defendant raises the defense of lack of personal jurisdiction, the plaintiff, as the party seeking to assert the authority of the Court, has the burden to establish the existence of a jurisdictional basis. As stated by the Second Circuit in <u>Kernan v. Kurz-Hastings, Inc.</u>, 175 F.3d 236, 240 (2d Cir. 1999), "Plaintiff bears the burden of showing that the Court has

jurisdiction."  See also Merck & Co. v. Mediplan Health Consulting, 425 F. Supp. 2d 402, 418 (S.D.N.Y. 2006).

Notwithstanding that burden, plaintiff's complaint is devoid of any allegation that there is any basis to assert jurisdiction over Mr. Ortseifen.  It mentions him by name only in paragraphs 19 and 130, neither of which purports to address jurisdiction.  The rest of the complaint uses the composite term "IKB" to refer to Mr. Ortseifen together with three other defendants as a group (Complaint, ¶ 20).  The same tactic was rejected by this Court in Karabu Corp. v. Gitner, 16 F. Supp. 2d 319 (S.D.N.Y. 1998).

In Karabu, the plaintiffs sued six Trans World Airlines (TWA) executives – none of whom was domiciled in New York – on the theory that they had tortiously interfered with the plaintiffs' business relationships with several travel agencies.  The complaint did not detail wrongdoing on the part of each individual executive, however.  Instead, "the Complaint only generally alleges that 'defendants directed TWA personnel to seek out and wrongfully . . . punish travel agencies doing business with [plaintiff],' and that TWA personnel thereafter wrongfully coerced travel agencies in New York and elsewhere 'at the direction of defendants.'"  (16 F. Supp. 2d at 324-25).  On the basis of those broad, non-specific allegations, the plaintiffs claimed that specific personal jurisdiction over the individual defendants could be exercised.  The Court disagreed:

> Courts have also routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made only broadly worded and vague allegations about a defendant's participation in the specific matter at hand. . . .
>
> . . .  The Complaint is completely devoid of any factual specificity indicating how each of the six defendants participated in the allegedly tortious conduct or what role they each played. . . . As alleged, this Court thus has no basis for knowing whether the six named defendants actually orchestrated the allegedly tortious

> conduct, or were named in the Complaint simply because their names appear at the top of TWA's masthead. . . .
>
> . . . Not only would it be terribly unfair to hail out-of-state corporate officers into a New York court without any good faith basis for doing so, it would also raise grave due process concerns. . . .

Karabu, 16 F. Supp. 2d at 324-25.  The determinative inquiry on this motion is whether the acts of Mr. Ortseifen himself, not those of some other party or parties, satisfy the conditions for the assertion of jurisdiction over him.  As shown below, they do not.

       **D.**    **Plaintiff Cannot Satisfy the Jurisdictional Requirements Imposed by the CPLR Provisions**

          **1.**    **There Is No Basis for Asserting General Jurisdiction Under CPLR § 301**

None of the bases for asserting jurisdiction under CPLR § 301 is applicable to Mr. Ortseifen.  He was not served with process here, he has not consented to the jurisdiction of this Court, and he has never owned any real property here.

Mr. Ortseifen also does not do business in New York State.  He has not been to New York State since April 2006, and he has been retired since July 2007.  He does not keep an office, solicit business, or employ anyone in New York.  (Ortseifen Aff. ¶¶ 3-8).  He does not own any property or maintain any bank or brokerage accounts in New York.  (Id. ¶¶ 5-6).  He has not visited New York in four years, he has never spent as much as a week in New York in any of the last twenty years, and in many years he has not traveled to New York at all.  (Id. ¶¶ 20-22).  It is indisputable that he was not doing business in New York either when this action was commenced or when process was served on him.  He also was not "doing business" in New York at any time in the past.  He has never engaged in substantial or permanent business or personal activities in New York.  Mr. Ortseifen, therefore, is not subject to general personal jurisdiction.

### 2. There Is No Basis for Asserting Specific Personal Jurisdiction Under CPLR § 302

Mr. Ortseifen is also not subject to jurisdiction under CPLR § 302. None of the four sets of conditions imposed by that section applies to Mr. Ortseifen. Each subsection is discussed separately below.

### (a) There Is No Basis for Jurisdiction Under CPLR § 302(a)(1): Plaintiff's Fraud Claim Did Not Arise from Any Transaction by Mr. Ortseifen in New York.

According to the complaint itself, plaintiff's claim arose in June 2007 - fifteen months after Mr. Ortseifen's last visit to New York. Since that visit, Mr. Ortseifen has not entered into any contracts to provide goods or services in New York. (Ortseifen Aff. ¶ 21). CPLR § 302(a)(1) would confer jurisdiction upon Mr. Ortseifen, therefore, only if he has otherwise "transact[ed] any business <u>within the state</u>" during the relevant time (emphasis added), <u>and</u> only if the fraud claim arose from that transaction. Neither precondition has been met.

"New York courts define 'transacting business' as purposeful activity – some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>NewMarkets Partners LLC v. Oppenheim</u>, 638 F. Supp. 2d at 402 (internal brackets and quotations omitted) (<u>quoting Best Van Lines v. Walker</u>, 490 F.3d 239, 246-47 (2d Cir. 2007)). Since Rhinebridge's formation, Mr. Ortseifen's only contacts with New York have consisted of occasional telephone calls, e-mails, and correspondence with persons in the state, made while he was located outside the State. (Ortseifen Aff. ¶¶ 23-28). As a general rule, such sporadic, long-distance communications do not "project" the sender into New York, and thereby do not comprise the transaction of business. <u>See</u>, <u>e.g.</u>, <u>Palace Exploration Co. v. Petroleum Dev. Co.</u>, 41 F. Supp. 2d

427, 434 (S.D.N.Y. 1998); Semi Conductor Materials v. Citibank Int'l PLC, 969 F. Supp. 243, 246 (S.D.N.Y. 1997).[2]

Even if those communications did constitute the transaction of business, they would not justify jurisdiction over Mr. Ortseifen in this action, because they bear no "substantial nexus" with King County's fraud claim. Mende v. Milestone Tech., 269 F. Supp. 2d 246, 255 (S.D.N.Y. 2003); accord, Snyder v. Ply Gem Indus., 200 F. Supp. 2d 246, 249 (S.D.N.Y. 2001). None of Mr. Ortseifen's communications with persons in New York State concerned Rhinebridge (Ortseifen Aff. ¶¶ 24-28). Therefore, Mr. Ortseifen is not subject to personal jurisdiction pursuant to CPLR § 302(a)(1).

> **(b)** **There Is No Basis for Jurisdiction Under CPLR § 302(a)(2): Mr. Ortseifen Did Not Commit a Tort in New York State.**

CPLR § 302(a)(2) would authorize this Court to exercise jurisdiction over Mr. Ortseifen only if he had committed a tort in New York State, and if that tort had given rise to King County's fraud claim. Overseas Media, Inc. v. Skvortsov, 277 Fed. Appx. at 95. "New York law precludes an assertion of jurisdiction under § 302(a)(2) unless the defendant is physically present within the state when the tortious act is committed." Heinfling v. Colapinto, 946 F. Supp. 260, 264 (S.D.N.Y. 1996) (citing Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900 (1966)). Accord, Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999).

As discussed supra, Mr. Ortseifen has not been physically present in New York State since April 2006, several months before Rhinebridge's formation and more than a year

---

[2] New York courts have found long-distance communications to constitute the transaction of business only when they consist of efforts to reach a business deal in real time, such as contract negotiation (see CT Chem. (USA), Inc. v. Horizons Int'l, 106 F.R.D. 518 (S.D.N.Y. 1985)) or participation in an auction by telephone (see Parke-Bernet Galleries Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970)). Mr. Ortseifen's communications with people in New York since 2006 have not risen to this level, and in addition, they did not relate to Rhinebridge.

before the period relevant to plaintiff's claim.  (Ortseifen Aff. ¶¶ 10, 11, 20, 21)  Because

plaintiff's claim necessarily did not arise from any act that Mr. Ortseifen did in New York,

CPLR § 302(a)(2) does not subject him to personal jurisdiction.

> **(c)     There Is No Basis for Jurisdiction Under CPLR § 302(a)(3):
> Mr. Ortseifen Committed No Tort Causing Injury in
> New York.**

CPLR § 302(a)(3) allows New York courts to exercise jurisdiction over

defendants for claims arising from torts that they committed outside the State, if they caused

injury <u>inside</u> the State <u>and</u> if various additional conditions are satisfied.  This provision also does

not apply to Mr. Ortseifen.  Even assuming *arguendo* that King County's fraud claim arose from

some (unstated) representation made by Mr. Ortseifen in Germany, there is no basis on which to

infer that King County would have suffered any injury in New York.

"The situs of the injury is the location of the original event which caused the

injury."  <u>Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 209 (2d Cir. 2001).  By this standard,

the victim of fraud suffers injury at the place where he acted in reliance upon the defendant's

misrepresentation.  <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d at 792.

<u>Accord</u>, <u>Palace Exploration Co. v. Petroleum Dev. Co.</u>, 41 F. Supp. 2d at 435.

In <u>Kelly v. MD Buyline, Inc.</u>, 2 F. Supp. 2d 420, 436-37 (S.D.N.Y. 1998), the

complaint alleged that the defendant's misrepresentation induced the New York plaintiff to

decide in New York to surrender his entitlement to payment for legal services rendered in New

York.  The Court concluded that if this were true, the plaintiff had suffered injury in New York,

where he first relied upon the defendant's misrepresentation.  Similarly, in <u>Palace Exploration

Co. v. Petroleum Dev. Co.</u>, <u>supra</u>, the Court concluded that the situs of the injury caused by the

purported fraud would be New York, from where the New York plaintiff had made "payment of

money . . . in reliance [on the defendant's] alleged misrepresentations."  41 F. Supp. 2d at 436.

This action, by contrast, is far different.  The complaint does not allege or provide any evidence that King County, any member of the proposed class, or any of their employees or representatives, did anything in New York in reliance upon any statements made by Mr. Ortseifen.  King County public officials were presumably in Washington State when they allegedly chose to invest in Rhinebridge.  Even if their decision had been induced by some fraud committed by Mr. Ortseifen (which has not even been alleged and would also not be true), the situs of any injury would have been Washington State, not New York.

CPLR § 302(a)(3) further provides that a tort committed outside New York, but causing injury within New York, confers jurisdiction over a defendant only if he:  (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; or (ii) expects or should reasonably expect his tortious act to have consequences in the state and also derives substantial revenue from interstate or international commerce.  The complaint fails to allege that Mr. Ortseifen meets either of these additional criteria.  <u>See</u> <u>Shakour v. Fed. Republic</u> <u>of Germany</u>, 199 F. Supp. 2d at 16-17 (finding no jurisdiction pursuant to CPLR § 302(a)(3), in the absence of such allegations in the complaint).  As shown by Mr. Ortseifen's affirmation, none of those additional conditions are met in this case (Ortseifen Aff., ¶21).

Section 302(a)(3) does not provide a basis for jurisdiction unless <u>all</u> of its required conditions are met.  Since <u>none</u> of those conditions is satisfied here, jurisdiction over Mr. Ortseifen cannot be founded on § 302(a)(3).

  **(d)**  **There Is No Basis for Jurisdiction Under CPLR § 302(a)(4): Plaintiff's Fraud Claim Did Not Arise from Mr. Ortseifen's Ownership of Real Property in New York.**

    Stefan Ortseifen does not own real property in New York.  Because the events alleged in the complaint could not have resulted from Mr. Ortseifen's nonexistent ownership of real property in New York, CPLR § 302(a)(4) does not subject him to this Court's jurisdiction.

  **3.**  **An Attempted Exercise of Jurisdiction over Mr. Ortseifen Would Fail to Satisfy the Requirements of Due Process.**

    In addition to showing that the statutory requirements of the forum state are met, a plaintiff must also establish that the exercise of jurisdiction would not offend due process.  Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C., 41 F. Supp. 2d at 457.  Both the United States and New York State due process clauses require that the defendant or the defendant's property have certain minimum contacts with New York, so that it is reasonable for the state to exercise its power to require the defendant to defend the action in New York (see U.S. Constitution, 14th Amendment, and New York State Constitution, Article I, § 6).  "[A] State is forbidden to enter a judgment attempting to bind a person over whom it has no jurisdiction" (Hanson v. Denckla, 357 U.S. 235, 250, 78 S. Ct. 1228, 2 L.Ed. 2d 1283 (1958)).  Unless there are sufficient contacts between the defendant and the state "to make it reasonable and just according to our traditional conception of fair play and substantial justice" for the state to assert its power over the defendant, the case must be dismissed.  International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  See also, Burnham v. Superior Court, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990).  With regard to the sufficiency of such contacts,

    [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Hanson v. Denckla, 357 U.S. 235, 253 (1958). Even if Stefan Ortseifen's "contacts with New York fell within New York's long-arm statute" (which they do not), he would not be subject to personal jurisdiction in this action, because that would violate due process. Copp v. Ramirez, 62 A.D.3d 23, 30, 874 N.Y.S.2d 52, 59 (1st Dep't 2009).

       "To determine whether a proposed exercise of jurisdiction comports with due process, the court must conduct 'an analysis consisting of two components: the 'minimum contacts' test and the 'reasonableness inquiry.'" In re Amaranth Natural Gas Commodities Litig. ("Amaranth Natural Gas"), 587 F. Supp. 2d 513, 526-27 (S.D.N.Y. 2008) (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d at 127.)

       Due process principles guarantee "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Amaranth Natural Gas, 587 F. Supp. 2d at 527 (internal quotations omitted) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

       A defendant does not have minimum contacts with a forum where he has directed little or no personal or business activity. For example, in Amaranth Natural Gas, this Court found that the defendant

> [had] never commenced any suit [in the United States], registered an office, been qualified or licensed to do business, paid or been required to pay taxes, employed any officers or agents, leased or purchased any property, acquired a telephone number, or engaged in any other activity reasonably expected of a business venture under the protection and permission of domestic laws.

587 F. Supp. 2d at 537. As such, the defendant had never purposefully availed itself of the privilege to engage in business activities in the United States, and due process prohibited an

American court from exercising jurisdiction.  A defendant also does not develop minimum contacts with New York by engaging in long-distance communications with New York residents, without more.  <u>Duravest, Inc. v. Viscardi, A.G.</u>, 581 F. Supp. 2d 628, 636 (S.D.N.Y. 2008).

   Similarly, Mr. Ortseifen lacks the required minimum contacts with New York. As discussed <u>supra</u>, he does not do business in New York, he does not own property in New York, he does not keep an office or accounts in New York, and he does not employ anyone in New York.  (Ortseifen Aff. ¶¶ 3-8)  He has not even visited New York since April 2006 – before Rhinebridge was formed, and well before its notes were offered and sold (<u>Id.</u>, ¶¶ 20-21).  During the past four years, he has engaged in only limited communications with persons in New York, and none of those communications concerned Rhinebridge.  Mr. Ortseifen's activities in New York were brief, infrequent, and unrelated to this dispute.  They do not satisfy "the standard of purposeful availment."  <u>Amaranth Natural Gas</u>, 587 F. Supp. 2d at 537.

   Such exercise of jurisdiction would also fail the test of reasonableness, which may entail consideration of:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

<u>Amaranth Natural Gas</u>, 587 F. Supp. 2d at 527 (<u>quoting</u> <u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 568 (2d Cir. 1996)).

   Because Mr. Ortseifen is at a distance of thousands of miles from this Court and is currently in retirement, the need to defend against this action would plainly impose on him very substantial burdens.  New York courts should have little interest, moreover, in adjudicating the

fraud claim of a Washington State domiciliary against a German citizen who does not do business in New York, and who has not been here in years.  See Copp v. Ramirez, 62 A.D.3d at 31, 874 N.Y.S.2d 59 (deeming jurisdiction over out-of-state defendants to be unreasonable, because the plaintiffs' claims arose three years after those defendants' last contacts with New York).  The most reasonable forum for any claim against Mr. Ortseifen relating to Rhinebridge would be a court in Germany.

Based on the applicable constitutional principles, the exercise of jurisdiction over Mr. Ortseifen, who lacks the required minimum contacts with New York, would be unfair, unreasonable and violative of due process.

## POINT II

## THE COMPLAINT FAILS TO STATE
## A CLAIM AGAINST STEFAN ORTSEIFEN

In addition to the lack of personal jurisdiction, the action should be dismissed as

to Mr. Ortseifen because the complaint fails to state a claim against him.[3]

Pursuant to Fed. R. Civ. P., Rule 12(b)(6), "a complaint is now subject to

dismissal" for failure to state a claim "unless its factual allegations, if credited, make the claim

'plausible.'" Lefkowitz v. Bank of N.Y., ___ F. Supp. 2d ___, 2009 WL 5033951, *15

(S.D.N.Y. Dec. 22, 2009) (citing Ashcroft v. Iqbal ("Iqbal"), 556 U.S. ___, 129 S.Ct. 1937, 1949

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-61 (2007)).  By virtue of this standard,

> [t]he court thus must look first to the well-pled factual allegations,
> determine whether they are plausible, and then determine whether
> those plausible allegations, if proven, suffice to establish liability.
> Twombly does not impose a universal standard of heightened fact
> pleading, but instead requires a flexible 'plausibility standard',
> which obliges a pleader to amplify a claim with some factual
> allegations in those contexts where such amplification is needed to
> render the claim plausible.  In short, the pleading must raise a right
> to relief above the speculative level.
>
> When addressing a Rule 12(b)(6) motion, the court may not
> consider evidence proffered by the moving party or its opponent.
> Rather, the court is limited to reviewing the four corners of the
> complaint, any documents attached to that pleading or incorporated
> in it by reference, any documents that are 'integral' to the
> plaintiff's allegations even if not explicitly incorporated by
> reference, and facts of which the court may take judicial notice.

Lefkowitz v. Bank of N.Y., 2009 WL 5033951, *15 (emphasis in original) (internal citations,

quotations, and brackets omitted).

---

[3] The arguments raised by the other defendants, in their separate motions seeking dismissal of this action for failure to state a claim, are incorporated by reference in further support of Mr. Ortseifen's motion.

To survive a motion to dismiss for failure to state a claim, a complaint alleging

fraud must describe the underlying factual circumstances with particularity, pursuant to Fed. R.

Civ. P., Rule 9(b).  Under this "more stringent pleading regime,"

> the complaint must:  (1) specify the statements that the plaintiff
> contends were fraudulent, (2) identify the speaker, (3) state where
> and when the statements were made, and (4) explain why the
> statements were fraudulent. . . . [T]he pleader must . . . allege facts
> that give rise to a strong inference of fraudulent intent. . . [and]
> must adequately plead the required elements for a claim of
> fraud….

Lefkowitz v. Bank of N.Y., 2009 WL 5033951 at *16-*17 (internal quotations omitted) (quoting

Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006)).

Pursuant to the law of Washington State,[4] the "required elements" of a fraud

claim include:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4)
> the speaker's knowledge of its falsity; (5) intent of the speaker that
> it should be acted upon by the plaintiff; (6) plaintiff's ignorance of
> its falsity; (7) plaintiff's reliance on the truth of the representation;
> (8) plaintiff's right to rely upon it; and (9) damages suffered by the
> plaintiff.

Adams v. King County, 164 Wash. 2d 640, 662, 192 P.3d 891, 902 (2008).

---

[4] "Under New York conflicts of law principles, fraud claims are governed by the
state in which the injury is deemed to have occurred, which is usually where the plaintiff is
located."  Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d
282, 292 (S.D.N.Y. 2000) (internal quotations omitted), aff'd, 2 Fed. Appx. 109 (2d Cir. 2001).
As discussed supra, King County would have suffered the injury alleged in the complaint in
Washington State.  However, it is not necessary to resolve that choice of law issue for purposes
of the present motion, because the complaint fails to state a fraud claim against Mr. Ortseifen
under the law of either Washington or New York.  The elements of a fraud claim under New
York law include:  "(1) a false representation (2) of a material fact with (3) intent to defraud and
(4) reasonable reliance on the representation (5) causing damage to the plaintiff."  Lefkowitz v.
Bank of N.Y., 2009 WL 5033951 at *17.  Regardless of which state's law applies, the complaint
fails to state a claim under that law as to Mr. Ortseifen.

A complaint that fails to allege "with the requisite particularity" how the plaintiff's fraud claim satisfies those elements is subject to dismissal.  Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 185 (2d Cir. 2008).  For example, in Weinstein v. Appelbaum, 193 F. Supp. 2d 774 (S.D.N.Y. 2002), the Court noted that the plaintiffs' fraud claim

> alleged misrepresentations . . . identified in vague and general terms, without identifying the speaker, the time or the location where they were made.  Moreover, plaintiffs fail[ed] to explain why the statements were fraudulent.  They [did] not plead a single fact suggesting that anyone who made any statements intended to mislead them when those statements were made.

193 F. Supp. 2d at 779.  As a consequence, this Court dismissed the complaint.[5]

The Court should do likewise here.  Among other deficiencies, the complaint fails to specify:  (i) any representation by Mr. Ortseifen to King County (or any member of the proposed class); (ii) whether and how that representation was material and false; (iii) the required scienter on the part of Mr. Ortseifen; (iv) whether and how plaintiff reasonably relied upon any misrepresentation by Mr. Ortseifen; or (v) whether and how plaintiff suffered damage as a result of such reliance.  Because the complaint fails to particularize any misrepresentation by Mr. Ortseifen in the first place, it also does not allege where, when, and by what means he made any such misrepresentation, and does not allege that any of the other required elements of a fraud claim are satisfied.  Absent this information, the complaint does not present any case – let alone a plausible one – for finding that Mr. Ortseifen somehow defrauded King County or anyone else.

---

[5] Before the United States Supreme Court issued its ruling in Iqbal, courts in the Second Circuit denied Rule 12(b)(6) motions to dismiss "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992).  This standard of review, pursuant to which this Court dismissed the complaint in Weinstein, was far more deferential to plaintiffs than Iqbal's "plausibility" standard, which King County must meet in this action.  Again, however, plaintiff's allegations against Mr. Ortseifen fail to meet either standard.

The complaint fails to state a claim against Mr. Ortseifen, and the action should be dismissed as against him.

**CONCLUSION**

For the foregoing reasons, this action should be dismissed as against

Mr. Ortseifen, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2) and 12(b)(6).


Dated: Buffalo, New York
        February 3, 2010


                                PHILLIPS LYTLE LLP



                                By _____/s/  Thomas S. Wiswall_____
                                        Thomas S. Wiswall
                                *Attorneys for Defendant Stefan Ortseifen*
                                3400 HSBC Center
                                Buffalo, New York  14203-2887
                                Telephone No.:  (716) 847-8400

                                Of Counsel:
                                Craig R. Bucki



Doc # 01-2347512.3