UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

KING COUNTY, WASHINGTON,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

   v.

IKB DEUTSCHE INDUSTRIEBANK AG,         Civil Action No.
IKB CREDIT ASSET MANAGEMENT GmbH,   09-CV-08387 (SAS)
MOODY'S INVESTORS SERVICE, INC.,
MOODY'S INVESTORS SERVICE LIMITED,
THE McGRAW HILL COMPANIES, INC.
(d/b/a STANDARD & POOR'S RATINGS
SERVICES), FITCH, INC., WINFRIED REINKE
and STEFAN ORTSEIFEN,

                Defendants.
─────────────────────────────────────────────


# REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT STEFAN ORTSEIFEN'S
## MOTION TO DISMISS


PHILLIPS LYTLE LLP
*Attorneys for Defendant Stefan Ortseifen*
3400 HSBC Center
Buffalo, New York  14203
Telephone No.:  (716) 847-8400

Of Counsel:
Thomas S. Wiswall, Esq.
Craig R. Bucki, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

POINT I  THERE IS NO EVIDENCE (NOR ANY ALLEGATION IN THE COMPLAINT) THAT MR. ORTSEIFEN HAD ANY RELEVANT CONTACT WITH NEW YORK STATE ................................................................. 1

POINT II  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. ORTSEIFEN ........................................................................................................ 5

POINT III  MR. ORTSEIFEN SHOULD NOT BE SUBJECTED TO EITHER DISCOVERY DEMANDS OR MORE PLEADINGS ........................................... 9

CONCLUSION............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page

**CASES**

380544 Can., Inc. v. Aspen Tech., Inc.,
  544 F. Supp. 2d 199 (S.D.N.Y. 2008)..................................................................6, 7, 8

Abu Dhabi Commercial Bank v. Morgan Stanley & Co.,
  651 F. Supp. 2d 155 (S.D.N.Y. 2009)..........................................................................6, 9

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
  493 F.3d 87 (2d Cir. 2007)..........................................................................................6

BISYS Sec. Litig.,
  397 F. Supp. 2d 430 (S.D.N.Y. 2005)..................................................................5, 7, 8

Calder v. Jones,
  465 U.S. 783 (1984)....................................................................................................2

CutCo Indus., Inc. v. Naughton,
  806 F.2d 361 (2d Cir. 1986).......................................................................................4

Deutsche Bank Sec. Inc. v. Montana Bd. of Inv.,
  7 N.Y.3d 65 (2006) ....................................................................................................3

DiVittorio v. Equidyne Extractive Indus., Inc.,
  822 F.2d 1242 (2d Cir. 1987).....................................................................................6

Druck Corp. v. Marco Fund,
  102 F. App'x 192 (2d Cir. 2004) ...............................................................................4

Fischbarg v. Doucet,
  9 N.Y.3d 375 (2007) ..................................................................................................3

Ganino v. Citizens Utils. Co.,
  228 F.3d 154 (2d Cir. 2000).......................................................................................7

In re Sotheby's Holdings, Inc.,
  No. 00 Civ. 1041(DLC), 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000)...................8

Int'l Shoe v. Washington,
  326 U.S. 310 (1945)....................................................................................................8

Kreutter v. McFadden Oil Corp.,
  71 N.Y.2d 460 (1988) .............................................................................................2, 3

Luce v. Edelstein,
  802 F.2d 49 (2d Cir. 1986).........................................................................................7

Mills v. Polar Molecular Corp.,
    12 F.3d 1170 (2d Cir 1993)..................................................................................................6

OR.EN. Orobia Eng'g v. Nacht,
    No. 97 Civ. 4912 SAS KNF, 1998 WL 730562 (S.D.N.Y. Oct. 19, 1998) ...............................3

PDK Labs, Inc. v. Friedlander,
    103 F.3d 1105 (2d Cir. 1997)..................................................................................................4

Pension Comm. v. Banc of Am. Sec.,
    446 F. Supp. 2d 163 (S.D.N.Y. 2006).....................................................................................1

Pension Comm. v. Banc of Am. Sec. LLC,
    No. 05 Civ. 9016(SAS), 2006 WL 559811 (S.D.N.Y. Mar. 7, 2006) .......................................3

Pension Comm. v. Banc of Am. Sec.,
    No. 05 Civ. 9016 (SAS), 2006 WL 708470 (S.D.N.Y. Mar. 20, 2006) ....................................2

Polar Int'l Brokerage Corp. v. Reeve,
    108 F. Supp. 2d 225 (S.D.N.Y. 2000).....................................................................................9

Primavera Familienstiftung v. Askin,
    173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................6

Ross v. Bolton,
    904 F.2d 819 (2d Cir. 1990)...................................................................................................6

Royal Ahold N.V. Sec. & ERISA Litig.,
    351 F. Supp. 2d 334 (D. Md. 2004)....................................................................................4, 8

Ruotolo v. City of N.Y.,
    514 F.3d 184 (2d Cir. 2008)...................................................................................................9

Scone Invs., L.P. v. Am. Third Mkt. Corp.,
    No. 97 Civ. 3802 (SAS), 1998 WL 205338 (S.D.N.Y. Apr. 28, 1998)....................................5

SEC v. Collins & Aikman Corp.,
    524 F. Supp. 2d 477 (S.D.N.Y. 2007).....................................................................................7

SEC v. Espuelas,
    579 F. Supp. 2d 461 (S.D.N.Y. 2008).................................................................................6, 7

SEC v. U.S. Envtl., Inc.,
    82 F. Supp. 2d 237 (S.D.N.Y. 2000).......................................................................................6

Shields v. Citytrust Bancorp.,
    25 F.3d 1124 (2d Cir. 1994)...................................................................................................6

Taberna Capital Mgmt., LLC v. Dunmore,
   No. 08 Civ. 1817(JSR), 2008 WL 2139135 (S.D.N.Y. May 20, 2008) ................................. 4

**STATUTES**

CPLR 301 .................................................................................................................................. 2

CPLR 302(a)(1) ........................................................................................................................ 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11(b) ................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 6

Fed. R. Civ. P. 9(b) ................................................................................................................... 6

Fed. R. Civ. P. 12(b) .............................................................................................................. 1, 4

**PRELIMINARY STATEMENT**

Defendant Stefan Ortseifen submits this memorandum in further support of his motion to dismiss under Rules 12(b)(2) and 12(b)(6) and in reply to plaintiffs' opposition papers. The motion is grounded on the facts that Mr. Ortseifen has not engaged in any conduct in New York State at any relevant time, and that the complaint fails to allege any conduct by Mr. Ortseifen, either in New York State or anywhere else. Despite the strident tone of plaintiff's opposition, it is based on nothing - neither evidence, nor allegations in its pleading, nor supporting legal authority. Rather than offer any substantive basis for its position, plaintiff relies on inflammatory rhetoric that is inconsistent with the case law it cites and the complaint it filed. Many of plaintiff's assertions about what the complaint alleges as to Mr. Ortseifen give no supporting references at all, and the rest cite complaint paragraphs that simply do not justify the stated assertions.[1]

**POINT I**

**THERE IS NO EVIDENCE (NOR ANY ALLEGATION IN THE COMPLAINT) THAT MR. ORTSEIFEN HAD ANY RELEVANT CONTACT WITH NEW YORK STATE**

In support of his motion to dismiss, Mr. Ortseifen submitted an affirmation negating the existence of any contact with any person, entity, or transaction in New York State relating to Rhinebridge or any allegation by plaintiff in this action. Plaintiff's opposition does not put in issue any of the facts in Mr. Ortseifen's affirmation. Although Luke Brooks, one of plaintiff's attorneys, submitted a declaration in support of plaintiff's opposition, neither that

---

[1] As noted in Pension Comm. v. Banc of Am. Sec., 446 F. Supp. 2d 163, 182 n. 122 (S.D.N.Y. 2006), "a complaint may not be amended by briefs submitted in opposition to a motion to dismiss." Plaintiff must stand or fall with the allegations in its complaint.

- 1 -

declaration, nor the exhibits attached to it, purports to take issue with the facts affirmed by Mr. Ortseifen.[2]

As this Court stated in Pension Comm. v. Banc of Am. Sec., No. 05 Civ. 9016 (SAS), 2006 WL 708470, at *3 (S.D.N.Y. Mar. 20, 2006), "[a] plaintiff bears the burden of demonstrating that the court may exercise jurisdiction over each defendant . . . by making a prima facie showing that the defendant is subject to personal jurisdiction."  Similarly, the U.S. Supreme Court has directed that "[e]ach defendant's contacts with the forum State must be assessed individually**.**" Calder v. Jones, 465 U.S. 783, 790 (1984).  In the instant case, there is no evidence of any sufficient contact between Mr. Ortseifen and New York State; there are no allegations in the complaint concerning any such contact; and no good faith basis would exist under Fed. R. Civ. P. 11(b) to support such unstated allegations if they had been pleaded.

Rather than dispute the facts submitted in support of the motion, or make a *prima facie* showing to demonstrate a basis for asserting jurisdiction over Mr. Ortseifen, plaintiff cites some cases in which defendants were subject to jurisdiction in New York without having been physically present here.  However, the facts, allegations, and issues in each of the cases were materially different from those presented here.

In Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460 (1988), the individual defendant personally directed the transactions that were undertaken by his corporations in New York; he had met with the plaintiff; he was in frequent communication with the New York corporation concerning plaintiff's transaction; and he was the controlling shareholder of the Texas corporation that took plaintiff's funds.  The court specifically found that the individual defendant was "a primary actor in the transaction with [plaintiff] in New York, not some corporate employee in Texas who played no part in it." (71 N.Y.2d at 470).  The individual

---

[2] With regard to statutory provisions, plaintiff's opposition references only CPLR 302(a)(1), implicitly conceding that jurisdiction cannot be grounded on CPLR 301 or 302(a)(2-4).

defendant's extensive direction over specific events in New York led the court to find that his activities here were purposeful and that he "transacted business in this State through an agent [the New York corporation]" (Id. at 463).  No such evidence (or even an allegation) has been offered here as to Mr. Ortseifen.

In Fischbarg v. Doucet, 9 N.Y.3d 375 (2007), the court asserted long-arm jurisdiction because "defendants established a substantial ongoing professional commitment between themselves and plaintiff [defendants' New York attorney], governed by the laws of our state." (9 N.Y.3d at 382-83).  Nothing similar has been or could be said about Mr. Ortseifen and the plaintiff in this case.  Moreover, with regard to a plaintiff's burden in response to a motion to dismiss, the court noted that "the plaintiff must come forward with sufficient evidence, through affidavits and relevant documents, to prove the existence of jurisdiction" (Id. at n. 5).  Plaintiff here has not done so.

In Deutsche Bank Sec. Inc. v. Montana Bd. of Inv., 7 N.Y.3d 65 (2006), the defendant, unlike Mr. Ortseifen, was an institutional investor that had purchased hundreds of millions of dollars worth of securities from New York firms (including plaintiff).  It exchanged emails with the plaintiff, first to offer, and then to cancel, a sale of $15 million in bonds.  In OR.EN. Orobia Eng'g v. Nacht, No. 97 Civ. 4912 SAS KNF, 1998 WL 730562, at *4 (S.D.N.Y. Oct. 19, 1998), the individual defendant "made visits twice yearly to New York trade shows at which he displayed [his corporations'] equipment, and at which he prominently displayed the [corporation's] logo."  In Pension Comm. v. Banc of Am. Sec. LLC, No. 05 Civ. 9016(SAS), 2006 WL 559811, at *7 (S.D.N.Y. Mar. 7, 2006), this Court asserted jurisdiction over a defendant that was "a large corporation, doing business internationally, maintaining direct contacts with New York, and selecting New York as the forum for the resolution of all disputes regarding the Funds [forming the basis of the action]."  Again, nothing of the kind has been, or could properly be, alleged about Mr. Ortseifen here.

Similarly, in Taberna Capital Mgmt., LLC v. Dunmore, No. 08 Civ. 1817(JSR), 2008 WL 2139135 (S.D.N.Y. May 20, 2008), the two individual defendants acted on their own behalf, for their own personal benefit, and intentionally chose New York State as the place of incorporation for the corporation they then owned, controlled, and used to accomplish the fraudulent scheme directed at plaintiff.  To support its findings, the court relied on documentary evidence, not blanket allegations like those in the complaint here.  The plaintiff's evidence included an email by one individual defendant to the other about incorporating in New York, and also an agreement to which at least one of the individual defendants was a party (Id. at *2).  Again, no such evidence connects Mr. Ortseifen to this jurisdiction.

In PDK Labs, Inc. v. Friedlander, 103 F.3d 1105 (2d Cir. 1997), the individual defendant used a New York attorney to make frequent written and oral communications to the plaintiff in New York, threatening infringement claims.  Plaintiff's declaratory judgment action arose out of those direct contacts.  CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) and Druck Corp. v. Marco Fund, 102 F. App'x 192 (2d Cir. 2004) involved multiple visits to New York by the defendants.  These cases also give no support to plaintiff here.

Although plaintiff relies on the "group pleading doctrine" in opposing Mr. Ortseifen's motion under Rule 12(b)(6), and implicitly relies on it to support jurisdiction as well, plaintiff does not cite any case that applied the group pleading doctrine to deny a motion to dismiss under Rule 12(b)(2).  That doctrine is not sufficient to sustain plaintiff's burden to make a prima facie showing of jurisdiction over Mr. Ortseifen.  See Royal Ahold N.V. Sec. & ERISA Litig., 351 F. Supp. 2d 334, 354 (D. Md. 2004) (rejecting plaintiffs' "attempts to establish minimum contacts by relying on conclusory allegations and Boonstra's status on the Royal Ahold Supervisory Board. . . . The plaintiffs include Boonstra in their broad group pleadings . . . but they fail to note a single specific act taken by Boonstra directed at the U.S.").  In a detailed discussion of the group pleading doctrine, Judge Kaplan of this Court noted that the doctrine was

- 4 -

intended "solely for pleading purposes" (BISYS Sec. Litig., 397 F. Supp. 2d 430, 440 (S.D.N.Y. 2005)).  The group pleading doctrine is discussed at Point II, infra, regarding the complaint's failure to state a claim.[3]

## POINT II

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. ORTSEIFEN

The complaint refers to Mr. Ortseifen by name in only two paragraphs, paragraph 19 and 130.  Neither of those paragraphs purports to allege any basis for the assertion of jurisdiction over him, and neither purports to allege the elements of a claim for common law fraud (or anything else).  To the extent that the remaining paragraphs of the complaint refer to Mr. Ortseifen, they do so only through the use of the composite terms "IKB" and "defendants."  The practice of lumping defendants together has been consistently criticized in decisions of this and other courts.[4]

---

[3]  The desperation in plaintiff's argument is evident from its distortion of the plain meaning of ordinary terms.  As CEO of IKB Bank, Mr. Ortseifen naturally received communications concerning activities of that bank and its subsidiaries.  However, the existence of "communications" does not justify plaintiff's speculative implication that Mr. Ortseifen was engaged in day-to-day transactions involving Rhinebridge.  Similarly, plaintiff's conclusion that Mr. Ortseifen "participated" and was "involved" in the alleged fraud, simply because he received communications referring to Rhinebridge, are further examples of plaintiff's tactic of relying on insinuation rather than information.

Plaintiff also disregards material distinctions between the many persons and entities named in the documents.  Those documents show that the issuers of the notes were Rhinebridge PLC and Rhinebridge LLC; IKB CAM, London Branch, acted as manager under a contract with Rhinebridge;  IKB Bank was the parent corporation of IKB CAM; Mr. Ortseifen was an executive at IKB Bank and had an advisory role at IKB CAM.  Nevertheless, plaintiff's opposition seeks to attribute to Mr. Ortseifen whatever New York acts were allegedly done by any of those corporate entities.  Again, however, nothing in plaintiff's complaint or in the record before the court supports that attempt to equate Mr. Ortseifen with those entities.

As shown by the motion papers of IKB Bank and IKB CAM, which are incorporated by reference, those defendants are themselves not subject to personal jurisdiction.  A fortiori, since Mr. Ortseifen did not engage in any relevant activities unrelated to those entities, he also is not subject to jurisdiction here.

[4]     See, e.g., Scone Invs., L.P. v. Am. Third Mkt. Corp., No. 97 Civ. 3802 (SAS), 1998 WL 205338, at *4 (S.D.N.Y. Apr. 28, 1998) ("a complaint may not rely upon blanket

- 5 -

Because plaintiff seeks to state a fraud claim, the complaint must not only comply with the Rule 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," but must also comply with Rule 9(b), which imposes the additional requirement that the claim be stated "with particularity." The complaint here complies with neither rule. "The primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based" (Ross v. Bolton, 904 F.2d 819, 823 (2d Cir. 1990).[5]

Plaintiff's opposition makes no attempt to reconcile its allegations with these well established principles of proper pleading, but instead invokes the "group pleading doctrine." Plaintiff's reliance on that doctrine does not bear analysis.

First, plaintiff fails to show that the doctrine has any application to Mr. Ortseifen. The group pleading doctrine "is **extremely limited** in scope. Courts in the Second Circuit and elsewhere have construed the doctrine as applying only to **clearly cognizable corporate**

---

references to the acts of all of the defendants without identifying the nature of each defendant's participation in the fraud"); Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 126 (S.D.N.Y. 1997) ("A fraud claim may not rely upon vague allegations of conduct that clump individuals together"); DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud"); SEC v. Espuelas, 579 F. Supp. 2d 461, 469 (S.D.N.Y. 2008) ("[T]o survive a motion to dismiss, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level," citing ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (internal quotations omitted); Shields v. Citytrust Bancorp., 25 F.3d 1124, 1128 (2d Cir. 1994) (claims of fraud cannot be based on "speculation and conclusory allegations"); Abu Dhabi Commercial Bank v. Morgan Stanley & Co., 651 F. Supp. 2d 155, 170 (S.D.N.Y. 2009) (A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

[5]   See also, SEC v. U.S. Envtl., Inc., 82 F. Supp. 2d 237, 240 (S.D.N.Y. 2000) ("[P]laintiff must satisfy Rule 9(b) **as to each individual defendant**, and cannot do so by making vague allegations about the defendants as a unit") (emphasis added); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"); 380544 Can., Inc. v. Aspen Tech., Inc., 544 F. Supp. 2d 199, 218 (S.D.N.Y. 2008) ("[T]he reference to 'Defendants', as a group, is insufficient. '[I]ndiscriminate defendant 'clumping' does not adhere to the particularity standards of Fed. R. Civ. P. 9(b).").

**insiders with active daily roles in the relevant companies or transactions**" (380544 Can., Inc. v. Aspen Tech., Inc., 544 F. Supp. 2d 199, 218 (S.D.N.Y. 2008) (emphasis added)). The individual defendant must be shown to have been "**participating in the offer of the securities in question**" (Luce v. Edelstein, 802 F.2d 49, 55 (2d Cir. 1986) (emphasis added)).

There is no evidence that Mr. Ortseifen was an insider or affiliate who had an "active daily role" in the transactions at issue, and the complaint contains no such allegation. Even if the complaint had alleged that Mr. Ortseifen's position as CEO made him an insider of IKB Bank, such an allegation would not imply that he was an insider with an "active daily role" at IKB CAM, Rhinebridge PLC, or Rhinebridge LLC. The group pleading doctrine applies only to "those individuals with **direct involvement in the everyday business of the company**" (SEC v. Collins & Aikman Corp., 524 F. Supp. 2d 477, 489 (S.D.N.Y. 2007)). In this case, "the company" that issued the notes in question was Rhinebridge, in which Mr. Ortseifen had no position. Thus, the group pleading doctrine does not permit the statements in the Rhinebridge Private Placement Memorandum (Brooks' declaration, Ex. A) to be vicariously attributed to Mr. Ortseifen, who had no role whatever in its preparation. (Ortseifen Reply Aff., ¶4).

In addition to the fact that the group pleading doctrine is not available as to Mr. Ortseifen in the first place, it would not in any event be a panacea for all of the ills that infect plaintiff's complaint. "[T]he group pleading doctrine can only be invoked to attribute fraudulent statements to defendants, remaining **wholly insufficient to plead scienter**" (SEC v. Espuelas, 579 F. Supp. 2d 461, 482 n. 10 (S.D.N.Y. 2008) (emphasis added)). See also, In re BISYS Sec. Litig., 397 F. Supp. 2d 430, 441 ("**[P]laintiffs must allege with particularity that each of the defendants acted with the requisite scienter**") (emphasis added). As the Second Circuit held in Ganino v. Citizens Utils. Co., 228 F.3d 154, 169 (2d Cir. 2000), in pleading scienter,

"speculation and conclusory allegations will not suffice." The complaint here does not even offer that much.[6]

Plaintiff's arguments cannot be reconciled even with the court decisions cited in its own memorandum. The contention that those cases offer support to plaintiff's position here is so baseless as to be breathtaking.[7]

Given the patent insufficiency of the allegations in the complaint against Mr. Ortseifen and the undisputed evidence of his lack of contact with New York State, the assertion of jurisdiction over him in this action would make a mockery of the most fundamental principles of both jurisdiction and pleading. It would not merely be offensive to "our traditional conception of fair play and substantial justice" (Int'l Shoe v. Washington, 326 U.S. 310, 320 (1945)); it would be offensive to all who honor court precedent and respect the plain meaning of the English language.

---

[6] Mr. Ortseifen's former positions with IKB AG and IKB CAM are not enough to support an allegation of scienter. "[A]llegations regarding a defendant's managerial status are insufficient" (380544 Can., Inc. v. Aspen Tech., Inc., 544 F. Supp. 2d 199, 222 (S.D.N.Y. 2008)). "[T]he mere fact that Evans was Aspen's founder, Chairman, and CEO simply is not enough to allege that he had scienter" (Id. at 228). In re Sotheby's Holdings, Inc., No. 00 Civ. 1041(DLC), 2000 WL 1234601, at *7 (S.D.N.Y. Aug. 31, 2000) ("boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter.") See also Royal Ahold, supra. Accordingly, Mr. Ortseifen's former positions with IKB Bank and IKB CAM cannot justify the inference that he knew of the alleged falsity of the ratings or that he had any intent to deceive anyone. Plaintiff's reliance on Mr. Ortseifen's retirement is also misplaced. See BISYS, 397 F. Supp. 2d at 446 ("there are any number of reasons that an executive might resign, most of which are not related to fraud"). Likewise, vague and unsupported references to "charges" made in Germany provide no basis for assuming that they have any relation to Rhinebridge. In fact, they do not. (Ortseifen Reply Aff., ¶ 9).

[7] Equally baseless is plaintiff's waiver argument, which relies on opinions that addressed very different procedural contexts and legal issues. Where a complaint fails to allege the basic elements of a claim as to a particular defendant, that defendant is not required to go beyond pointing out the missing elements, and also anticipate and refute the meritless arguments later fabricated by plaintiff. Moreover, Mr. Ortseifen incorporated the motions of the other defendants, which explained at length the complaint's multiple deficiencies.

# POINT III

## MR. ORTSEIFEN SHOULD NOT BE SUBJECTED TO EITHER DISCOVERY DEMANDS OR MORE PLEADINGS

Plaintiff's opposition repeatedly protests that it has not obtained discovery from Mr. Ortseifen and suggests that, if it were given free reign in discovery proceedings, it might conceivably find out information justifying its attempt to keep him in this lawsuit. Such speculative hopes do not suffice to subject Mr. Ortseifen to discovery proceedings.[8]

Mr. Ortseifen has demonstrated that there is no basis for the assertion of personal jurisdiction in this action (even though it is not his burden to do so). The facts recited in his affirmations are not subject to dispute. Plaintiff's complaint contains no contrary allegations. The documents attached to the Brooks declaration likewise do nothing to create any genuine issue about Mr. Ortseifen's lack of even minimal contacts with New York State. Indeed, plaintiff's argument is based on the premise that it does not even need to show that Mr. Ortseifen had any real contact with New York, and that it can conjure up a jurisdictional basis out of blanket accusations, pleading presumptions, and brazen argumentation. Plaintiff has not established any right to discovery on any issue.

Plaintiff's opposition also seeks to cure the defects in its complaint by requesting leave to amend. However, leave to amend is unwarranted when amendment would be futile. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Polar Int'l Brokerage Corp. v. Reeve, 108 F. Supp. 2d 225, 249 (S.D.N.Y. 2000). In the instant case, there is no basis for the assertion of personal jurisdiction over Mr. Ortseifen. That lack of jurisdiction requires dismissal

---

[8] It is well settled that "the purpose of discovery is to find out additional facts about a well pleaded claim, not to find out whether such a claim exists" (Polar Int'l Brokerage Corp. v. Reeve, 108 F. Supp. 2d 225, 248 n. 40 (S.D.N.Y. 2000), internal quotations omitted). "[T]he purpose of discovery is not to enable [plaintiff] to determine whether he has a viable claim" (Id.) A plaintiff "armed with nothing more than conclusions" cannot "unlock the doors of discovery" (Abu Dhabi Commercial Bank v. Morgan Stanley & Co., 651 F. Supp. 2d at 170 (S.D.N.Y. 2009)).

regardless of any amendment plaintiff could propose. If, hypothetically, plaintiff were able to state any non-frivolous claim against Mr. Ortseifen, that claim should be adjudicated by an appropriate court in Germany, not New York.

## CONCLUSION

Based on the facts and principles discussed above and in Mr. Ortseifen's other motion papers, this action should be dismissed as against him.

Dated: Buffalo, New York
March 17, 2010

Respectfully submitted,

PHILLIPS LYTLE LLP


By _____/s/  Thomas S. Wiswall_____
     Thomas S. Wiswall
*Attorneys for Defendant Stefan Ortseifen*
3400 HSBC Center
Buffalo, New York  14203-2887
Telephone No.:  (716) 847-8400

Of Counsel:
Craig R. Bucki


Doc # 01-2357024.2