UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KING COUNTY, WASHINGTON, Individually   :
and on Behalf of All Others Similarly Situated,

                                                 :

           Plaintiff,                   :      **ANSWER AND AFFIRMATIVE**
                                                 :      **DEFENSES**

          -against-

                                                 :     1:09-cv-08387 (SAS)

IKB DEUTSCHE INDUSTRIEBANK AG, et al.,

                                                 :

           Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Defendants Moody's Investors Service, Inc. and Moody's Investors Services Ltd. (together, "Moody's" or "Defendants"), by and through their attorneys, Satterlee Stephens Burke & Burke LLP, as and for their answer and affirmative defenses to the Complaint, dated October 2, 2009 (the "Complaint"), state as follows:

<u>**INTRODUCTION**</u>

        1.      Admit that Rhinebridge was an investment fund, but otherwise deny the allegations contained in Paragraph 1 of the Complaint.

        2.      Deny the allegations contained in Paragraph 2 of the Complaint.[1]

        3.      Deny the allegations contained in Paragraph 3 of the Complaint.

        4.      Deny the allegations contained in Paragraph 4 of the Complaint.

---

     [1]  Throughout the Complaint, Plaintiff employs the term "defendants" and the "Rating Agencies" to make blanket allegations about the alleged facts and occurrences raised therein. Moody's lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning entities other than Moody's.  Thus, to the extent that Moody's, in their Answer, respond to allegations about "defendants" or the "Rating Agencies" that Plaintiff has averred in paragraphs 2 through 190 of the Complaint, Moody's response is only as to Moody's, it being expressly understood and hereby incorporated into each of Moody's subsequent admissions, denials or other responses that Moody's lack knowledge or information sufficient to form a belief about the allegations concerning "defendants" or "Rating Agencies" other than Moody's, and on that basis, deny those allegations.

5.      Deny the allegations contained in Paragraph 5 of the Complaint.

6.      Admit that Moody's downgraded the Senior Notes on or about October 18, 2007, but otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.      Admit that Rhinebridge was a structured investment vehicle, but otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.      Deny the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in the first sentence of Paragraph 9 of the Complaint.  With respect to the second sentence of Paragraph 9, respectfully beg leave to refer to a true copy of the referenced document for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained the first, second, third and fifth sentence of Paragraph 11 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 11 of the Complaint, and on that basis deny it.

12.     Deny the allegations contained in the first sentence of Paragraph 12 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis deny them.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint.

15.     Deny the allegations contained in Paragraph 15 of the Complaint.

## **PARTIES**

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny them.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny them.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny them.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny them.

20.    Neither admit nor deny the allegations contained in Paragraph 20 of the Complaint because they are not factual allegations but rather a definition created by Plaintiff; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 20

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis deny them.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis deny them.

23.    Deny the allegations contained in Paragraph 23 of the Complaint.

24.    Deny the allegations contained in Paragraph 24 of the Complaint.

25.    Admit that Moody's Investors Service, Inc. is a Delaware corporation with its principal place of business in New York.  Admit that Moody's Investors Service Limited is a United Kingdom entity with its principal place of business in London.  Admit that Moody's is a leading provider of independent credit ratings, research and financial information to the capital markets.  Admit that Moody's published ratings for Rhinebridge.  Deny all other allegations contained in Paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis deny them.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis deny them.

28.     Neither admit nor deny the allegations contained in Paragraph 28 of the Complaint because they are not factual allegations but rather a definition created by Plaintiff; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 28.

29.     Deny the allegations contained in Paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, including its subparts, and on that basis deny them.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and on that basis deny them.

## JURISDICTION AND VENUE

32.     Neither admit nor deny the allegations contained in Paragraph 32 of the Complaint because they call for legal conclusions, as Moody's respectfully refer all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

33.     Neither admit nor deny the allegations contained in Paragraph 33 of the Complaint because they call for legal conclusions, as Moody's respectfully refer all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that basis deny them.

## BACKGROUND

35.     Admit that a SIV generally seeks to earn an interest rate spread and that a SIV has both assets and liabilities, but otherwise deny the allegations contained in Paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint given that the allegations are based upon the "typical[]" characteristics of a SIV, and on that basis deny them.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint given that the allegations are based upon the "typical[]" characteristics of a SIV, and on that basis deny them.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and on that basis deny them.

39.     Deny the allegations contained in Paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and on that basis deny them.

## THE RATING AGENCIES' ALLEGED ROLES

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Admit that the SEC provided Moody's NRSRO status in 1975, respectfully beg leave to refer to a true copy of the SEC materials to which Plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and on that basis deny them.

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny the allegations contained in Paragraph 44 of the Complaint.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

803620_1

46.    Deny the allegations contained in Paragraph 46 of the Complaint.

47.    Deny the allegations contained in the first sentence of Paragraph 47 of the Complaint.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 47 of the Complaint, and on that basis deny them.

48.    Deny the allegations contained in the first sentence of Paragraph 48 of the Complaint.   Respectfully beg leave to refer to a true copy of the  publication including the unattributed quotation in the second sentence of Paragraph 48 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in second sentence of Paragraph 48 of the Complaint, and on that basis deny them.

49.    Respectfully beg leave to refer to a true copy of the publication including the quotation in Paragraph 49 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and on that basis deny them.

50.    Deny the allegations contained in Paragraph 50 of the Complaint.

51.    Deny the allegations contained in Paragraph 51 of the Complaint.

52.    Deny the allegations contained in Paragraph 52 of the Complaint.

53.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating manual and/or instructions and Information Memoranda for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 53, including any subparts.

54.     Respectfully beg leave to refer to a true copy of the Rhinebridge operating manual and/or instructions and Information Memoranda for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 54.

55.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 55 of the Complaint.

56.     Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 57 of the Complaint, and on that basis deny them.  Deny the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59.     Admit that Moody's was paid fees following the launch of  Rhinebridge, and otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60.     Deny the allegations contained in Paragraph 60 of the Complaint.

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 62 of the Complaint.

7

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and on that basis deny them.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and on that basis deny them.

65.     Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

## THE ALLEGEDLY FALSE AND MISLEADING CREDIT RATINGS

67.     Deny the allegations contained in the first sentence of Paragraph 67 of the Complaint.  Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 67 of the Complaint.

68.     Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 68 of the Complaint.

69.     Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 69 of the Complaint.

70.     Deny the first sentence of Paragraph 70 of the Complaint.  Respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 70 of the Complaint.

71.     Respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 71 of the Complaint.

72.     Deny the allegations contained in the first sentence of Paragraph 72 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced publication for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations in the second sentence of Paragraph 72 of the Complaint.

73.     Deny the allegations contained in Paragraph 73 of the Complaint.

74.     Deny the allegations contained in the first and third sentences of Paragraph 74 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and fourth sentences of Paragraph 74 of the Complaint, and on that basis deny them.  Respectfully beg leave to refer to a true copy of the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations in the fifth sentence of Paragraph 74 of the Complaint.

75.     Deny the allegations contained in the first sentence of Paragraph 75 of the Complaint.  Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for its

true legal effect, and otherwise deny the allegations contained in Paragraph 75 of the Complaint, including any subparts.

76.     Deny the allegations contained in Paragraph 76 of the Complaint.

77.     Deny the allegations contained in Paragraph 77 of the Complaint. Respectfully beg leave to refer to a true copy of the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 77 of the Complaint.

78.     Deny the allegations contained in Paragraph 78 of the Complaint.

79.     Deny the allegations contained in Paragraph 79 of the Complaint.

80.     Deny the allegations contained in Paragraph 80 of the Complaint.

81.     Deny the allegations contained in Paragraph 81 of the Complaint.

### THE ALLEGED REASONS WHY DEFENDANTS KNEW THE RATINGS WERE MATERIALLY MISLEADING

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 82 of the Complaint. Deny the allegations in the third sentence of Paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and on that basis deny them.

84.     Deny the allegations contained in the first and second sentences of Paragraph 84 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 84 of the Complaint, and on that basis deny them.

10

85.     Respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and on that basis deny them.

86.     Respectfully beg leave to refer to a true copy of the referenced remarks from November 27, 2007 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and on that basis deny them.

87.     Respectfully beg leave to refer to a true copy of the referenced congressional statement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and on that basis deny them.

88.     Respectfully beg leave to refer to a true copy of the referenced remarks from June 11, 2008 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and on that basis deny them.

89.     Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and on that basis deny them.

90.     Respectfully beg leave to refer to a true copy of the referenced SEC report or statements for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and on that basis deny them.

91.     Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and on that basis deny them.

92.     Deny the allegations contained in Paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 93 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 93 of the Complaint.

94.     Deny the allegations contained in Paragraph 94 of the Complaint and respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect.

95.     Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and on that basis deny them.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and on that basis deny them.

803620_1

97.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 97 of the Complaint, and on that basis deny them.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 98 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second and third sentences of Paragraph 98 of the Complaint.

99.    Respectfully beg leave to refer to a true copy of the referenced Bloomberg article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and on that basis deny them.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged instant message conversation, respectfully beg leave to refer to a true copy of the referenced messages  for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, and on that basis deny them.

102.    Deny the allegations contained in the first sentence of Paragraph 102 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 102 of the Complaint.

103.    Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context

and for its true legal effect, and otherwise deny the allegations contained in Paragraph 103 of the Complaint.

104.    Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 104 of the Complaint.

105.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation and the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 105 of the Complaint.

106.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 106 of the Complaint.

107.    Deny the allegations contained in Paragraph 107 of the Complaint.

108.    Deny the allegations contained in Paragraph 108 of the Complaint.

109.    Deny the allegations contained in Paragraph 109 of the Complaint.

110.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 110 of the Complaint.

111.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its

14

true legal effect, and otherwise deny the allegations contained in Paragraph 111 of the Complaint.

112.     Deny the allegations contained in Paragraph 112 of the Complaint.

113.     Deny the allegations contained in Paragraph 113 of the Complaint.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint, and on that basis deny them.

115.     Deny the allegations contained in Paragraph 115 of the Complaint.

116.     Deny the allegations contained in Paragraph 116 of the Complaint.

117.     Deny the allegations contained in Paragraph 117 of the Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint, including any subparts, and on that basis deny them.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint, and on that basis deny them.

120.     Deny the allegations contained in Paragraph 120 of the Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint, and on that basis deny them.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint, and on that basis deny them.

123.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and on that basis deny them.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint, and on that basis deny them.

125.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint, and on that basis deny them.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and on that basis deny them.

127.    Deny the allegations contained in Paragraph 127 of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and on that basis deny them.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, and on that basis deny them.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and on that basis deny them.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and on that basis deny them.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint, and on that basis deny them.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint, and on that basis deny them.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint, and on that basis deny them.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint, and on that basis deny them.

136.    Deny the allegations contained in Paragraph 136 of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint, and on that basis deny them.

138.    Deny the allegations in the first, second, fifth and sixth sentences of Paragraph 138 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 138 of the Complaint, and on that basis deny them.

139.    Deny the allegations in Paragraph 139 of the Complaint.

140.    Deny the allegations in Paragraph 140 of the Complaint.

141.    Deny the allegations in Paragraph 141 of the Complaint.

142.    Deny the allegations in Paragraph 142 of the Complaint.

143.    Deny the allegations in Paragraph 143 of the Complaint.

144.    Deny the allegations in the first, fifth and sixth sentences of Paragraph 144 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences of Paragraph 144, and on that basis deny them.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 145 of the Complaint, and on that basis deny them.  Deny the remaining allegations in Paragraph 145 of the Complaint.

146.    Deny the allegations contained in Paragraph 146 of the Complaint.

147.    Deny the allegations contained in Paragraph 147 of the Complaint.

148.    Deny the allegations contained in Paragraph 148 of the Complaint.

149.    Admit that Moody's received certain information on U.S. loans, but otherwise deny the allegations contained in Paragraph 149 of the Complaint.

150.    Deny the allegations contained in Paragraph 150 of the Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint, and on that basis deny them.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint, and on that basis deny them.

153.    Deny the allegations contained in Paragraph 153 of the Complaint.

154.    Respectfully beg leave to refer to a true copy of the referenced presentations and published statements for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 154 of the Complaint.

155.    Respectfully beg leave to refer to a true copy of the referenced document for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 155 of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.    Deny the allegations contained in Paragraph 158 of the Complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.    Respectfully beg leave to refer to a true copy of documents including the unattributed quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 160 of the Complaint.

161.    Deny the allegations contained in Paragraph 161 of the Complaint.

162.    Deny the allegations contained in the first and fifth sentences of Paragraph 162 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 of the Complaint.

163.    Deny the allegations contained in Paragraph 163 of the Complaint.

164.    Respectfully beg leave to refer to a true copy of the article and document including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 164 of the Complaint.

165.    Respectfully beg leave to refer to a true copy of the documents including the referenced unattributed quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 165 of the Complaint.

166.    Deny the allegations contained in Paragraph 166 of the Complaint.

167.    Deny the allegations contained in the first and second sentences of Paragraph 167 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 of the Complaint, and on that basis deny them.

168.    Admit that Moody's downgraded the Senior Notes on or about October 18, 2007, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint, and on that basis deny them.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 169 of the Complaint, and on that basis deny them.

## CLASS ACTION ALLEGATIONS

170.    Admit that Plaintiff purports to bring this action as a class action pursuant to Rule 23 yet deny that Plaintiff has properly done so, and otherwise deny the allegations contained in Paragraph 170 of the Complaint.

171.    Neither admit nor deny the allegations contained in  the first sentence of Paragraph 171 of the Complaint because they call for a legal conclusion and Moody's respectfully refers all issues of law to the Court; should it be determined that a response is required, Moody's deny the allegations.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 171 of the Complaint, and on that basis deny them.

172.    Deny the allegations contained in Paragraph 172 of the Complaint.

173.    Deny the allegations contained in Paragraph 173 of the Complaint.

174.    Deny the allegations contained in Paragraph 174 of the Complaint.

175.    Deny the allegations contained in Paragraph 175 of the Complaint.

## COUNT

### Claim for Common Law Fraud Against All Defendants

176.    Answering Paragraph 176 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 175, inclusive, as if fully set forth herein.

177.    Answering Paragraph 177 through 190 of the Complaint, Moody's deny the allegations.

## GENERAL DENIAL

178.    Except as otherwise expressly recognized in Moody's responses above, Moody's deny each and every allegation set forth in the Complaint, including, without limitation,

20

the headings, subheadings and footnotes contained in the Complaint and the allegations set forth in Plaintiff's prayer for judgment.  Moody's specifically deny any liability to Plaintiff.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied or avoided.  Moody's expressly reserve the right to amend and/or supplement their Answer and Affirmative Defenses prior to trial.

### AFFIRMATIVE DEFENSES

179.    The statement of any defense hereinafter does not assume the burden of proof or persuasion as to such defenses that would otherwise rest upon Plaintiff.  Moody's expressly reserve the right to amend, add to and/or otherwise supplement their affirmative and other defenses at such time and to such extent as discovery in this case or otherwise establish a basis for doing so.  Further answering the Complaint, Moody's plead the following affirmative defenses:

### First Affirmative Defense

180.    The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

181.    The action is improperly venued in New York.

### Third Affirmative Defense

182.    Plaintiff's action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

183.    Plaintiff did not rely upon the supposed misrepresentations or omissions alleged.

### Fifth Affirmative Defense

184.   Plaintiff cannot have reasonably relied on Moody's ratings in deciding whether or not to invest in Rhinebridge.

### Sixth Affirmative Defense

185.   Moody's lacked the requisite scienter required for liability.

### Seventh Affirmative Defense

186.   The named Plaintiff does not meet the commonality, adequacy or typicality requirements of Fed. R. Civ. P. 23.

### Eighth Affirmative Defense

187.   The statements complained of constitute expressions of opinion, not provably false, on a matter of public interest, and are therefore constitutionally protected under the standards set forth in <u>Milkovich v. Lorain Journal Co.</u> and its progeny.

### Ninth Affirmative Defense

188.   Any increase or decrease in the market value of any Notes held by Plaintiff was the result of market forces or other factors and not Moody's alleged wrongful conduct.

### Tenth Affirmative Defense

189.   Plaintiff's claims are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Complaint.

### Eleventh Affirmative Defense

190.   The court lacks subject matter jurisdiction over the claims asserted.

### Twelfth Affirmative Defense

191.   Plaintiff's claims are barred, in whole or in part, because Moody's alleged actions were consistent with applicable law.

803620_1

### Thirteenth Affirmative Defense

192.   Plaintiff voluntarily assumed the risk of investing in Cheyne SIV.

### Fourteenth Affirmative Defense

193.   Plaintiff has failed to join necessary and indispensable parties.

### Sixteenth Affirmative Defense

194.   Plaintiff lacks standing to bring the claims asserted.

### Seventeenth Affirmative Defense

195.   The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### Eighteenth Affirmative Defense

196.   Plaintiff's claim is barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Nineteenth Affirmative Defense

197.   Plaintiff's claim is barred, in whole or in part, because Plaintiff's alleged injuries were not legally or proximately caused by any acts or omissions of Moody's.

### Twentieth Affirmative Defense

198.   The alleged damages suffered by Plaintiff, if any, have been caused, in whole or in part, by the actions of Plaintiff and/or third-parties and not by Moody's.

### Twenty-First Affirmative Defense

199.   Any losses or damages purportedly sustained by Plaintiff must be reduced and/or abated in proportion to the wrongful or negligent conduct of those persons or entities responsible, and not Moody's, under the principles of set-off, offset, comparative fault and/or contributory negligence.

803620_1

### Twenty-Second Affirmative Defense

200.    Plaintiff's right to recovery is barred, in whole or in part, to the extent that Plaintiff failed to mitigate its alleged damages.

WHEREFORE, Moody's respectfully requests that this Court enter judgment:

a)    Dismissing with prejudice all claims alleged against Moody's in the Complaint herein;

b)    Awarding to Moody's the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c)    Awarding to Moody's such other and further relief as this Court deems just, proper or equitable.

Dated: May 11, 2010

SATTERLEE STEPHENS BURKE
& BURKE LLP


By:  /s/  Joshua M. Rubins
        James J. Coster
        Joshua M. Rubins
        Aaron M. Zeisler
230 Park Avenue, Suite 1190
New York, NY 10169
Tel: (212) 818-9200
*Attorneys for Defendants Moody's Investors
Service, Inc. and Moody's Investors Services Ltd.*

24

## CERTIFICATE OF SERVICE

I, Meghan H. Sullivan, hereby certify that the Answer and Affirmative Defenses of Defendant Moody's has been filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that on May 11, 2010 I served the foregoing upon counsel listed below via U.S. Mail as follows:

Daniel S. Drosman
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
*Attorneys for Plaintiff King County, Washington*

Luke O. Brooks
ROBBINS GELLER RUDMAN & DOWD LLP
100 Pine Street, Suite 2600
San Francisco , CA 94111
*Attorney for Plaintiff King County, Washington*

John J.D. McFerrin-Clancy
LOWENSTEIN SANDLER PC
1251 Avenue of the Americas
New York, NY 10020
*Attorneys for Defendant IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH*

Martin Flumenbaum
Roberta Kaplan
Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
*Attorneys for Defendant Fitch, Inc.*

Floyd Abrams
Dean Ringel
Andrea Butler
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005-1702
*Attorneys for Defendant The McGraw-Hill Companies, Inc.*

Fran Marcia Jacobs
DUANE MORRIS, LLP
1540 Broadway
New York , NY 10036-4086
*Attorney for Defendant Winfried Reinke*

Thomas S. Wiswall
PHILLIPS LYTLE LLP
1400 First Federal Plaza
Rochester , NY 14203
*Attorney for Defendant Stefan Ortseifen*

　　　　　　　　　　　　　　　　　　/s/   Meghan H. Sullivan_____
　　　　　　　　　　　　　　　　　　　　Meghan H. Sullivan

803620_1