UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

KING COUNTY, WASHINGTON,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

    - against -

IKB DEUTSCHE INDUSTRIEBANK
AG, *et al.*,

        Defendants.

IOWA STUDENT LOAN LIQUIDITY
CORPORATION, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    -against-

IKB DEUTSCHE INDUSTRIEBANK
AG, *et al.*,

        Defendants.

------------------------------------------------------ X

MEMORANDUM
<u>OPINION AND ORDER</u>

09 Civ. 8387 (SAS)



09 Civ. 8822 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

       Two institutional investors, King County, Washington and Iowa

1

Student Loan Liquidity Corporation bring these putative class actions for common law fraud in connection with the collapse of Rhinebridge, a structured investment vehicle ("SIV"). During a hearing on May 18, 2010, I issued rulings on defendants IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH's (together, "IKB") and Fitch, Inc.'s motions to dismiss. Fitch's motion was denied in its entirety. IKB's motion to dismiss the common law claims against it was denied but granted as to its argument that plaintiffs lacked standing to bring certain claims. This Memorandum Opinion and Order addresses IKB's standing argument only.

## II. APPLICABLE LAW

### A. Standing

A plaintiff must "satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."[1] To meet this burden, a plaintiff must show (1) personal injury; (2) causation evidencing a connection between the plaintiff's injury and the defendant's alleged conduct; and (3) redressability, or some, non-speculative, likelihood that the plaintiff's injury

---

[1] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted).

can be remedied by the relief requested of the court.[2] A putative class representative lacks standing to bring a claim if it did not suffer the injury that gives rise to that claim.[3] Where multiple claims are brought, at "least one *named* plaintiff must have standing to pursue each claim alleged."[4]

In misrepresentation cases, a plaintiff bringing claims on the basis of the purchase or sale of securities must actually be a purchaser of the securities at issue.[5] The purpose of this rule is to "limit[] the class of plaintiffs to those who have at least dealt in the security to which the prospectus, representation, or omission relates."[6] "That a suit may be a class action . . . adds nothing to the

---

[2] See *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008).

[3] See *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (holding that plaintiffs with one type of injury lacked standing to challenge a different, though perhaps related, injury, because "standing is not dispensed in gross").

[4] *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477, 496 (S.D.N.Y. 2004) (emphasis in original). Accord *Griffin v. Dugger,* 823 F.2d 1476, 1483 (11th Cir. 1987) ("a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim"); *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) (same).

[5] See, e.g., *Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 531 (S.D.N.Y. 2008) (holding that plaintiffs lacked standing to bring securities claims relating to funds that plaintiffs did not own) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749 (1975) (holding only purchasers and sellers of securities can recover under Section 10(b) and Rule 10b-5)).

[6] *Blue Chip Stamps*, 421 U.S. at 747.

question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."[7]

    **B.**    **Leave to Amend**

Rule 15(a)(2) provides that, other than amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires."[8] It is "within the sound discretion of the district court to grant or deny leave to amend."[9] The Supreme Court has explained that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as

---

    [7]    *Lewis*, 518 U.S. at 357.

    [8]    Fed. R. Civ. P. 15(a)(2). *Accord Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

    [9]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

the rules require, be "freely given."[10]

Accordingly, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."[11]

## III. DISCUSSION

Plaintiffs claim to represent a class consisting of "all persons or entities who acquired [Rhinebridge's] Senior Notes between June 1, 2007 and October 18, 2007."[12] IKB points out that this definition of the class overlooks the fact that there were at least two separate series of Senior Notes issued – U.S. Commercial Paper and European Commercial Paper.[13] Because plaintiffs cannot assert class claims on behalf of purchasers of securities they themselves did not buy, plaintiffs lack standing to sue on behalf of purchasers of the European Commercial Paper.

Plaintiffs refute this conclusion, asserting that here purchasers of U.S.

---

[10] *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[11] *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

[12] Complaints ¶ 170. As acknowledged by plaintiffs and defendants, the Complaints filed in both cases are substantially identical and defendants have raised identical arguments with respect to both Complaints. References and citations are intended to refer to both Complaints.

[13] *See* Memorandum of Law of IKB in Support of Their Motion to Dismiss the Complaints under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("IKB Mem.") at 5-6.

Commercial Paper have standing to sue on behalf of purchasers of European Commercial Paper because the ratings, fraudulent conduct, seniority of the Notes and assets underlying Rhinebridge were identical.[14] Plaintiffs' argument is unavailing. "If a party, such as Plaintiffs in this case, is not personally injured by the alleged action of a defendant then he is not entitled to come into court and litigate that action, *regardless of whether the disposition of his case necessarily requires the same result as the case of another.*"[15] Because no named plaintiff purchased the European Commercial Paper, all claims based upon the purchase of those Notes are dismissed.

Nevertheless, because this would be plaintiffs' first amendment and in the absence of any apparent reason to deny amendment, plaintiffs may amend their Complaints to add named plaintiffs that purchased Rhinebridge European Commercial Paper.

## IV. CONCLUSION

For the reasons stated in the May 18, 2010 hearing and herein, Fitch's and IKB's motions to dismiss the common law claims against them are denied.

---

[14] *See* Plaintiffs' Memorandum of Law in Opposition to IKB's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) at 5.

[15] *Hoffman*, 591 F. Supp. 2d at 532 (emphasis added).

IKB's motion to dismiss the claims brought on behalf of European Commercial Paper purchasers is granted. Plaintiffs may submit amended complaints by June 10, 2010. The Clerk of the Court is directed to close these motions (09 Civ. 8387, docket nos. 43, 58; 09 Civ. 8822, docket nos. 41, 49).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 18, 2010

- Appearances -

**For Plaintiffs King County, Washington and Iowa Student Loan Liquidity Corporation:**

Anne L. Box, Esq.
Daniel S. Drosman, Esq.
David C. Walton, Esq.
Jessica T. Shinnefield, Esq.
Luke O. Brooks, Esq.
Nathan R. Lindell, Esq.
Patrick J. Coughlin, Esq.
Christina A. Royce, Esq.
Darryl J. Alvarado, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101-3301
(619) 231-1058

Samuel H. Rudman, Esq.
Jarrett S. Charo, Esq.
David A. Rosenfeld, Esq.
Robert M. Rothman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
(415) 288-4545

**For Defendants IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH:**

John D. McFerrin-Clancy, Esq.
Lowenstein Sandler PC
1251 Avenue of The Americas
New York, New York 11020
(212) 262-6700

Thomas E. Redburn, Jr., Esq.
Lowenstein, Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2456

**For Defendant The McGraw Hill Companies, Inc. d/b/a Standard & Poor's Rating Services**

Adam N. Zurofsky, Esq.
Andrea R. Butler, Esq.
Brian T Markley, Esq.
Dean I. Ringel, Esq.
Floyd Abrams, Esq.
Jason M. Hall, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212)701-3000

**For Defendants Moody's Investors Service Limited and Moody's Investors Service, Inc.**

James J. Coster, Esq.
Aaron M. Zeisler, Esq.
James J. Regan, Esq.
Joshua M. Rubins, Esq.
Justin E. Klein, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

**For Defendant Fitch, Inc.**

Andrew J. Ehrlich, Esq.
Martin Flumenbaum, Esq.
Roberta A. Kaplan, Esq.
Tobias J. Stern, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3166

**For Defendant Stefan Ortseifen:**

Thomas S. Wiswall, Esq.
Phillips Lytle LLP
1400 First Federal Plaza
Rochester, New York 14203
(716) 847-7031

**For Defendant Winfried Reinke:**

None