UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
KING COUNTY, WASHINGTON and IOWA :
STUDENT LOAN LIQUIDITY
CORPORATION, Together and on Behalf of All :
Others Similarly Situated,

                           :

              Plaintiffs,

                           :

     -against-

                           :

IKB DEUTSCHE INDUSTRIEBANK AG, et al.,

                           :

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER AND AFFIRMATIVE
DEFENSES**

1:09-cv-08387 (SAS)

      Defendants Moody's Investors Service, Inc. and Moody's Investors Services

Ltd. (together, "Moody's" or "Defendants"), by and through their attorneys, Satterlee Stephens

Burke & Burke LLP, as and for their answer and affirmative defenses to the First Amended

Consolidated Complaint, dated June 10, 2010 (the "Complaint"), state as follows:

## INTRODUCTION

          1.     Admit that Rhinebridge was an investment fund, but otherwise deny the

allegations contained in Paragraph 1 of the Complaint.

          2.     Deny the allegations contained in Paragraph 2 of the Complaint.[1]

          3.     Deny the allegations contained in Paragraph 3 of the Complaint.

          4.     Deny the allegations contained in Paragraph 4 of the Complaint.

---

[1]    Throughout the Complaint, Plaintiffs employ the term "defendants" and the "Rating Agencies" to make blanket allegations about the alleged facts and occurrences raised therein. Moody's lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning entities other than Moody's. Thus, to the extent that Moody's, in their Answer, responds to allegations about "defendants" or the "Rating Agencies" that Plaintiffs have averred in paragraphs 2 through 236 of the Complaint, Moody's response is only as to Moody's, it being expressly understood and hereby incorporated into each of Moody's subsequent admissions, denials or other responses that Moody's lack knowledge or information sufficient to form a belief about the allegations concerning "defendants" or "Rating Agencies" other than Moody's, and on that basis, deny those allegations.

5.      Deny the allegations contained in Paragraph 5 of the Complaint.

6.      Admit that Moody's downgraded the Senior Notes on or about October 18, 2007, but otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.      Admit that Rhinebridge was a structured investment vehicle, but otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis deny them.

9.      Deny the allegations contained in the first sentence of Paragraph 9 of the Complaint.  With respect to the second sentence of Paragraph 9, respectfully beg leave to refer to a true copy of the referenced document for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained the first, second, third and fifth sentence of Paragraph 11 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 11 of the Complaint, and on that basis deny them.

12.     Deny the allegations contained in the first sentence of Paragraph 12 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis deny them.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint.

15.     Deny the allegations contained in Paragraph 15 of the Complaint.

808493_2

## PARTIES

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny them.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny them.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny them.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny them.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and on that basis deny them.

21.     Neither admit nor deny the allegations contained in Paragraph 21 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis deny them.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis deny them.

24.     Deny the allegations contained in Paragraph 24 of the Complaint.

25.     Deny the allegations contained in Paragraph 25 of the Complaint.

26.     Admit that Moody's Investors Service, Inc. is a Delaware corporation with its principal place of business in New York.  Admit that Moody's Investors Service Limited is a

United Kingdom entity with its principal place of business in London. Admit that Moody's is a leading provider of independent credit ratings, research and financial information to the capital markets. Admit that Moody's published ratings for Rhinebridge. Deny all other allegations contained in Paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis deny them.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis deny them.

29.    Neither admit nor deny the allegations contained in Paragraph 29 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 29.

30.    Deny the allegations contained in Paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis deny them.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, including its subparts, and on that basis deny them.

33.    Neither admit nor deny the allegations contained in the first sentence of Paragraph 33 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in the first sentence of Paragraph 33. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and on that basis deny them.

## JURISDICTION AND VENUE

34.     Neither admit nor deny the allegations contained in Paragraph 34 of the Complaint because they call for legal conclusions, as Moody's respectfully refer all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

35.     Neither admit nor deny the allegations contained in Paragraph 35 of the Complaint because they call for legal conclusions, as Moody's respectfully refer all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis deny them.

## BACKGROUND

37.     Admit that a SIV generally seeks to earn an interest rate spread and that a SIV has both assets and liabilities, but otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint given that the allegations are based upon the "typical[]" characteristics of a SIV, and on that basis deny them.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint given that the allegations are based upon the "typical[]" characteristics of a SIV, and on that basis deny them.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and on that basis deny them.

808493_2

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and on that basis deny them.

## THE RATING AGENCIES' ALLEGED ROLES

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Admit that the SEC provided Moody's NRSRO status in 1975, respectfully beg leave to refer to a true copy of the SEC materials to which Plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and on that basis deny them.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

46.     Deny the allegations contained in Paragraph 46 of the Complaint.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in the first sentence of Paragraph 49 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 49 of the Complaint, and on that basis deny them.

50.     Deny the allegations contained in the first sentence of Paragraph 50 of the Complaint.  Respectfully beg leave to refer to a true copy of the publication including the unattributed quotation in the second sentence of Paragraph 50 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in second sentence of Paragraph 50 of the Complaint, and on that basis deny them.

51.     Respectfully beg leave to refer to a true copy of the publication including the quotation in Paragraph 49 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and on that basis deny them.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     Respectfully beg leave to refer to a true copy of the Rhinebridge operating manual, instructions and/or Information Memoranda for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 55, including any subparts.

56.     Respectfully beg leave to refer to a true copy of the Rhinebridge operating manual, instructions and/or Information Memoranda for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 56.

57.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 57 of the Complaint.

58.     Respectfully beg leave to refer to a true copy of the referenced congressional testimony for an accurate statement of what is contained therein, in proper context

7

and for its true legal effect, and otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 59 of the Complaint, and on that basis deny them. Deny the remaining allegations contained in Paragraph 59 of the Complaint.

60.    Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61.    Admit that Moody's was paid fees following the launch of Rhinebridge, and otherwise deny the allegations contained in Paragraph 61 of the Complaint.

62.    Deny the allegations contained in Paragraph 62 of the Complaint.

63.    Deny the allegations contained in Paragraph 63 of the Complaint.

64.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and on that basis deny them.

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and on that basis deny them.

67.    Respectfully beg leave to refer to a true copy of the referenced congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.    Deny the allegations contained in Paragraph 68 of the Complaint.

808493_2

## THE ALLEGEDLY FALSE AND MISLEADING CREDIT RATINGS

69.     Deny the allegations contained in the first sentence of Paragraph 69 of the Complaint. Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 69 of the Complaint.

70.     Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 70 of the Complaint.

71.     Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 71 of the Complaint.

72.     Deny the first sentence of Paragraph 72 of the Complaint. Respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 72 of the Complaint.

73.     Respectfully beg leave to refer to a true copy of the ratings and the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the second sentence of Paragraph 73 of the Complaint.

808493_2

74.     Deny the allegations contained in the first sentence of Paragraph 74 of the Complaint. Respectfully beg leave to refer to a true copy of the referenced publication for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations in the second sentence of Paragraph 74 of the Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny the allegations contained in the first and third sentences of Paragraph 76 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and fourth sentences of Paragraph 76 of the Complaint, and on that basis deny them. Respectfully beg leave to refer to a true copy of the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations in the fifth sentence of Paragraph 76 of the Complaint.

77.     Deny the allegations contained in the first sentence of Paragraph 77 of the Complaint. Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 77 of the Complaint, including any subparts.

78.     Deny the allegations contained in Paragraph 78 of the Complaint.

79.     Deny the allegations contained in Paragraph 79 of the Complaint. Respectfully beg leave to refer to a true copy of the Private Placement Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 79 of the Complaint.

80.     Deny the allegations contained in Paragraph 80 of the Complaint.

81.     Deny the allegations contained in Paragraph 81 of the Complaint.

808493_2

82.     Deny the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Complaint.

## THE ALLEGED REASONS WHY DEFENDANTS KNEW THE RATINGS WERE MATERIALLY MISLEADING

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 84 of the Complaint, and on that basis deny them.  Deny the allegations in the third sentence of Paragraph 84 of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and on that basis deny them.

86.     Deny the allegations contained in the first and second sentences of Paragraph 86 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 86 of the Complaint, and on that basis deny them.

87.     Respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and on that basis deny them.

88.     Respectfully beg leave to refer to a true copy of the referenced remarks from November 27, 2007 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to

808493_2

form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and on that basis deny them.

89.     Respectfully beg leave to refer to a true copy of the referenced congressional statement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and on that basis deny them.

90.     Respectfully beg leave to refer to a true copy of the referenced remarks from June 11, 2008 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and on that basis deny them.

91.     Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and on that basis deny them.

92.     Respectfully beg leave to refer to a true copy of the referenced SEC report or statements for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and on that basis deny them.

93.     Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal

effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint, and on that basis deny them.

94.    Deny the allegations contained in Paragraph 94 of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 95 of the Complaint, and on that basis deny them.

96.    Deny the allegations contained in Paragraph 96 of the Complaint and respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect.

97.    Deny the allegations contained in Paragraph 97 of the Complaint and respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect.

98.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint, and on that basis deny them.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and on that basis deny them.

100.    Deny the allegations contained Paragraph 100 of the Complaint.

101.    Respectfully beg leave to refer to a true copy of the referenced Bloomberg article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, and on that basis deny them.

808493_2

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged instant message conversation, respectfully beg leave to refer to a true copy of the referenced messages for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 102 of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and on that basis deny them.

104.    Deny the allegations contained in the first sentence of Paragraph 104 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 104 of the Complaint.

105.    Respectfully beg leave to refer to a true copy of the referenced congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 105 of the Complaint.

106.    Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 106 of the Complaint.

107.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation and the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 107 of the Complaint.

14

108.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 108 of the Complaint.

109.    Deny the allegations contained in Paragraph 109 of the Complaint.

110.    Deny the allegations contained in Paragraph 110 of the Complaint.

111.    Deny the allegations contained in Paragraph 111 of the Complaint.

112.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 112 of the Complaint.

113.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 113 of the Complaint.

114.    Deny the allegations contained in Paragraph 114 of the Complaint.

115.    Deny the allegations contained in Paragraph 115 of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint, and on that basis deny them.

117.    Deny the allegations contained in Paragraph 117 of the Complaint.

118.    Deny the allegations contained in Paragraph 118 of the Complaint.

119.    Deny the allegations contained in Paragraph 119 of the Complaint.

808493_2

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, including any subparts, and on that basis deny them.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint, and on that basis deny them.

122.    Deny the allegations contained in Paragraph 122 of the Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and on that basis deny them.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint, and on that basis deny them.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint, and on that basis deny them.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and on that basis deny them.

127.    Respectfully beg leave to refer to a true copy of the Rhinebridge operating instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, and on that basis deny them.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and on that basis deny them.

129.    Deny the allegations contained in Paragraph 129 of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and on that basis deny them.

16

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and on that basis deny them.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint, and on that basis deny them.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint, and on that basis deny them.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint, and on that basis deny them.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint, and on that basis deny them.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint, and on that basis deny them.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint, and on that basis deny them.

138.    Deny the allegations contained in Paragraph 138 of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and on that basis deny them.

140.    Deny the allegations in the first, second, fifth and sixth sentences of Paragraph 140 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 140 of the Complaint, and on that basis deny them.

141.    Deny the allegations in Paragraph 141 of the Complaint.

142.    Deny the allegations in Paragraph 142 of the Complaint.

143.    Deny the allegations in Paragraph 143 of the Complaint.

808493_2

144.    Deny the allegations in Paragraph 144 of the Complaint.

145.    Deny the allegations in Paragraph 145 of the Complaint.

146.    Deny the allegations in the first, fifth and sixth sentences of Paragraph 146 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences of Paragraph 146, and on that basis deny them.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 147 of the Complaint, and on that basis deny them.  Deny the remaining allegations in Paragraph 147 of the Complaint.

148.    Deny the allegations contained in Paragraph 148 of the Complaint.

149.    Deny the allegations contained in Paragraph 149 of the Complaint.

150.    Deny the allegations contained in Paragraph 150 of the Complaint.

151.    Admit that Moody's received certain information on U.S. loans, but otherwise deny the allegations contained in Paragraph 151 of the Complaint.

152.    Deny the allegations contained in Paragraph 152 of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint, and on that basis deny them.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint, and on that basis deny them.

155.    Deny the allegations contained in Paragraph 155 of the Complaint.

156.    Respectfully beg leave to refer to a true copy of the referenced presentations and published statements for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 156 of the Complaint.

18

157.    Respectfully beg leave to refer to a true copy of the referenced document for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 157 of the Complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint, and on that basis deny them.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint, and on that basis deny them.

160.    Deny the allegations contained in Paragraph 160 of the Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint, and on that basis deny them.

162.    Respectfully beg leave to refer to a true copy of documents including the unattributed quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 162 of the Complaint.

163.    Deny the allegations contained in Paragraph 163 of the Complaint.

164.    Deny the allegations contained in the first and fifth sentences of Paragraph 164 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 of the Complaint, and on that basis deny them.

165.    Deny the allegations contained in Paragraph 165 of the Complaint.

166.    Respectfully beg leave to refer to a true copy of the article and document including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 166 of the Complaint.

167.    Respectfully beg leave to refer to a true copy of the documents including the referenced unattributed quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 167 of the Complaint.

168.    Deny the allegations contained in Paragraph 168 of the Complaint.

169.    Deny the allegations contained in the first and second sentences of Paragraph 169 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 of the Complaint, and on that basis deny them.

## MORGAN STANLEY'S ALLEGED INVOLVEMENT

170.    Admit that Moody's was engaged to rate Rhinebridge.  Deny the allegations contained in the second and fourth sentences of Paragraph 170 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 of the Complaint, and on that basis deny them.

171.    Deny the allegations contained in the sixth sentence of Paragraph 171 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint, and on that basis deny them.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint, and on that basis deny them.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint, and on that basis deny them.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint, and on that basis deny them.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint, and on that basis deny them.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint, and on that basis deny them.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint, and on that basis deny them.

178.    Respectfully beg leave to refer to a true copy of the memorandum including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 178 of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint, and on that basis deny them.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint, and on that basis deny them.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint, and on that basis deny them.

182.    Deny the allegations in the first sentence of Paragraph 182 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182 of the Complaint, and on that basis deny them.

183.    Deny the allegations in the first sentence of Paragraph 183 of the Complaint.  Respectfully beg leave to refer to a true copy of the e-mail including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 183 of the Complaint.

808493_2

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint, and on that basis deny them.

185. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint, and on that basis deny them.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint, and on that basis deny them.

187. Deny the allegations in Paragraph 187 of the Complaint.

188. Respectfully beg leave to refer to a true copy of the communications referenced in Paragraph 188 for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 188 of the Complaint.

189. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint, and on that basis deny them.

190. Respectfully beg leave to refer to a true copy of the memorandum including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 190 of the Complaint.

191. Deny the allegations contained in the first and third sentences of Paragraph 191 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191 of the Complaint, and on that basis deny them.

192. Deny the allegations contained in the first, second and fifth sentences of Paragraph 192 of the Complaint. Admit that Moody's met with various investment banks in the Spring of 2007. Respectfully beg leave to refer to a true copy of the communication including

the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the remaining allegations contained in Paragraph 192 of the Complaint.

193.   Respectfully beg leave to refer to a true copy of the memorandum including the referenced quotations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the remaining allegations contained in Paragraph 193 of the Complaint.

194.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint, including its subparts, and on that basis deny them.

195.   Deny the allegations contained in the fifth sentence of Paragraph 195 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195 of the Complaint, and on that basis deny them.

196.   Deny the allegations contained in Paragraph 196 of the Complaint.

## RHINEBRIDGE COLLAPSES

197.   Admit that Moody's downgraded the Senior Notes on or about October 18, 2007, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint, and on that basis deny them.

198.   Deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 169 of the Complaint, and on that basis deny them.

808493_2

## CLASS ACTION ALLEGATIONS

199.    Admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 yet deny that Plaintiffs have properly done so, and otherwise deny the allegations contained in Paragraph 199 of the Complaint.

200.    Neither admit nor deny the allegations contained in the first sentence of Paragraph 200 of the Complaint because they call for a legal conclusion and Moody's respectfully refers all issues of law to the Court; should it be determined that a response is required, Moody's deny the allegations. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 200 of the Complaint, and on that basis deny them.

201.    Deny the allegations contained in Paragraph 201 of the Complaint.

202.    Deny the allegations contained in Paragraph 202 of the Complaint.

203.    Deny the allegations contained in Paragraph 203 of the Complaint.

204.    Deny the allegations contained in Paragraph 204 of the Complaint.

## COUNT I

### Claim for Common Law Fraud Against All Defendants

205.    Answering Paragraph 205 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 204, inclusive, as if fully set forth herein.

206.    Answering Paragraph 206 through 220 of the Complaint, Moody's deny the allegations.

## COUNTS II through V

221.    Answering Paragraphs 221 through 236 of the Complaint, Moody's respectfully submit that no response is required because these Counts are not asserted against

Moody's.  To the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraphs 221 through 236.

## GENERAL DENIAL

237. Except as otherwise expressly recognized in Moody's responses above, Moody's deny each and every allegation set forth in the Complaint, including, without limitation, the headings, subheadings and footnotes contained in the Complaint and the allegations set forth in Plaintiff's prayer for judgment.  Moody's specifically deny any liability to Plaintiff.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied or avoided.  Moody's expressly reserve the right to amend and/or supplement their Answer and Affirmative Defenses prior to trial.

## AFFIRMATIVE DEFENSES

238. The statement of any defense hereinafter does not assume the burden of proof or persuasion as to such defenses that would otherwise rest upon Plaintiff.  Moody's expressly reserve the right to amend, add to and/or otherwise supplement their affirmative and other defenses at such time and to such extent as discovery in this case or otherwise establish a basis for doing so.  Further answering the Complaint, Moody's plead the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The action is improperly venued in New York.

### Third Affirmative Defense

Plaintiffs' action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

Plaintiffs did not rely upon the supposed misrepresentations or omissions alleged.

### Fifth Affirmative Defense

Plaintiffs cannot have reasonably relied on Moody's ratings in deciding whether or not to invest in Rhinebridge.

### Sixth Affirmative Defense

Moody's lacked the requisite scienter required for liability.

### Seventh Affirmative Defense

The named Plaintiffs do not meet the commonality, adequacy or typicality requirements of Fed. R. Civ. P. 23.

### Eighth Affirmative Defense

The statements complained of constitute expressions of opinion, not provably false, on a matter of public interest, and are therefore constitutionally protected under the standards set forth in Milkovich v. Lorain Journal Co. and its progeny.

### Ninth Affirmative Defense

Any increase or decrease in the market value of any Notes held by Plaintiffs was the result of market forces or other factors and not Moody's alleged wrongful conduct.

### Tenth Affirmative Defense

Plaintiffs' claims are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Complaint.

### Eleventh Affirmative Defense

The court lacks subject matter jurisdiction over the claims asserted.

808493_2

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Moody's alleged actions were consistent with applicable law.

### Thirteenth Affirmative Defense

Plaintiffs voluntarily assumed the risk of investing in Cheyne SIV.

### Fourteenth Affirmative Defense

Plaintiffs have failed to join necessary and indispensable parties.

### Sixteenth Affirmative Defense

Plaintiffs lack standing to bring the claims asserted.

### Seventeenth Affirmative Defense

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### Eighteenth Affirmative Defense

Plaintiffs' claim is barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Nineteenth Affirmative Defense

Plaintiffs' claim is barred, in whole or in part, because Plaintiffs' alleged injuries were not legally or proximately caused by any acts or omissions of Moody's.

### Twentieth Affirmative Defense

The alleged damages suffered by Plaintiffs, if any, have been caused, in whole or in part, by the actions of Plaintiffs and/or third-parties and not by Moody's.

### Twenty-First Affirmative Defense

Any losses or damages purportedly sustained by Plaintiffs must be reduced and/or abated in proportion to the wrongful or negligent conduct of those persons or entities responsible, and

27

not Moody's, under the principles of set-off, offset, comparative fault and/or contributory negligence.

### Twenty-Second Affirmative Defense

Plaintiffs' right to recovery is barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

WHEREFORE, Moody's respectfully request that this Court enter judgment:

a)      Dismissing with prejudice all claims alleged against Moody's in the Complaint herein;

b)      Awarding to Moody's the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c)      Awarding to Moody's such other and further relief as this Court deems just, proper or equitable.

Dated: July 6, 2010

SATTERLEE STEPHENS BURKE
& BURKE LLP

By: /s/  James J. Coster_____
       James J. Coster
       Joshua M. Rubins
       Aaron M. Zeisler
230 Park Avenue, Suite 1190
New York, NY 10169
Tel: (212) 818-9200
*Attorneys for Defendants Moody's Investors*
*Service, Inc. and Moody's Investors Services Ltd.*

## CERTIFICATE OF SERVICE

I, Meghan H. Sullivan, hereby certify that the Answer and Affirmative Defenses of Defendant Moody's has been filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that on July 6, 2010 I served the foregoing upon counsel listed below via U.S. Mail as follows:

> Daniel S. Drosman
> ROBBINS GELLER RUDMAN & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101-3301
> *Attorneys for Plaintiff King County, Washington*

> Luke O. Brooks
> ROBBINS GELLER RUDMAN & DOWD LLP
> 100 Pine Street, Suite 2600
> San Francisco , CA 94111
> *Attorney for Plaintiff King County, Washington*

> John J.D. McFerrin-Clancy
> LOWENSTEIN SANDLER PC
> 1251 Avenue of the Americas
> New York, NY 10020
> *Attorneys for Defendant IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH*

> Martin Flumenbaum
> Roberta Kaplan
> Andrew J. Ehrlich
> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
> 1285 Avenue of the Americas
> New York, New York 10019-6064
> *Attorneys for Defendant Fitch, Inc.*

> Floyd Abrams
> Dean Ringel
> Andrea Butler
> CAHILL GORDON & REINDEL LLP
> 80 Pine Street
> New York, New York  10005-1702
> *Attorneys for Defendant The McGraw-Hill Companies, Inc.*

Fran Marcia Jacobs
DUANE MORRIS, LLP
1540 Broadway
New York , NY 10036-4086
*Attorney for Defendant Winfried Reinke*

Thomas S. Wiswall
PHILLIPS LYTLE LLP
1400 First Federal Plaza
Rochester , NY 14203
*Attorney for Defendant Stefan Ortseifen*

James P. Rouhandeh
Antonio J. Perez-Marques
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
*Attorneys for Defendant Morgan Stanley & Co. Inc.*
*and Morgan Stanley & Co. International Ltd.*

/s/   Meghan H. Sullivan
Meghan H. Sullivan