UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KING COUNTY, WASHINGTON,
IOWA STUDENT LOAN LIQUIDITY
CORPORATION, etc.,

                Plaintiffs,

v.

IKB DEUTSCHE INDUSTRIEBANK, AG,
IKB CREDIT ASSET MANAGEMENT,
GmbH, MOODY'S INVESTORS SERVICE,
INC., MOODY'S INVESTORS SERVICE
LIMITED, THE McGRAW HILL
COMPANIES, INC. (d/b/a STANDARD &
POOR'S RATINGS SERVICES), FITCH,
INC., MORGAN STANLEY & CO.
INCORPORATED, MORGAN STANLEY &
CO. INTERNATIONAL LIMITED,
WINFRIED REINKE and STEFAN
ORTSEIFEN,

                Defendants.

Civil Action No. 1:09-cv-08387-SAS

**REDACTED**

---

## REPLY MEMORANDUM
## IN SUPPORT OF STEFAN ORTSEIFEN'S
## RENEWED MOTION TO DISMISS

PHILLIPS LYTLE LLP
*Attorneys for Defendant Stefan Ortseifen*
3400 HSBC Center
Buffalo, New York 14203
Telephone No.: (716) 847-8400

Of Counsel:
Thomas S. Wiswall, Esq.
Wolfgang Nockelmann, Esq.
Craig R. Bucki, Esq.

## PRELIMINARY STATEMENT

Defendant Stefan Ortseifen submits this reply memorandum in further support of his renewed motion to dismiss based on lack of personal jurisdiction and failure to state a claim.

## PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO SHOW ANY JURISDICTIONAL BASIS OVER MR. ORTSEIFEN

The legal standards applicable to this motion are not in dispute. "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) (internal quotations and citation omitted). Because the parties have engaged in extensive discovery, mere allegations about jurisdiction are not sufficient to oppose Mr. Ortseifen's motion. Plaintiffs were required to present sufficient evidence of a transaction of business in New York by Mr. Ortseifen that was wrongful as to the plaintiffs and gave rise to their claims. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) explains how a plaintiff's burden increases after discovery:

> Prior to discovery, . . . the plaintiff's *prima facie* showing may be established solely by allegations. After discovery, the plaintiff's *prima facie* showing . . . must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. **At that point, the *prima facie* showing must be factually supported.** (citations omitted) (emphasis added)

Plaintiffs have failed to meet that burden here. First, with regard to allegations, the amended complaint (court doc. 115) does not even purport to allege any basis for asserting jurisdiction over Mr. Ortseifen. Notably, the only complaint paragraphs cited in the jurisdictional portion of plaintiffs' memorandum (¶¶ 2, 14, 62, and 121) do not refer to jurisdiction at all. Those paragraphs also do not refer to Mr. Ortseifen, other than through the composite terms "defendants" (¶ 2) and "IKB" (¶ 121). Similarly, the Shinnefield declaration (court doc. 159)

also does not contain any averment of jurisdictional facts. The arguments in plaintiffs' memorandum of law (court doc. 158, "plaintiffs' brief") cannot substitute for the missing averments (see Opinion and Order of 5/4/10, court doc. 102, pp. 9-10)[1]. Although plaintiffs have submitted various documents in opposition to Mr. Ortseifen's renewed motion, none of them contains evidence of any facts that would support jurisdiction.

Shinnefield Exhibit 1 consists of excerpts from the deposition testimony of Edward Lightfoot. That testimony makes no reference to any New York transaction by Mr. Ortseifen and instead confirms his lack of participation in any transactions giving rise to plaintiffs' claims.

Shinnefield Exhibit 2 consists of excerpts from Mr. Ortseifen's deposition testimony[2]. Although that deposition contains references to a dinner         REDACTED         , plaintiffs' claims in this action did not arise, and could not have arisen, from anything done or said at that dinner (Ortseifen Aff. of 9/8/10, court doc. 145, ¶¶ 3-4). Similarly, there is no connection between plaintiffs' claims and a meeting         REDACTED         during the same trip, another event briefly referenced in the deposition transcript. Plaintiffs' speculations about what those meetings included are no more than wishful thinking, and would not suffice to establish jurisdiction even as imagined by plaintiffs. (Ortseifen memorandum, court doc. 148, pp. 6-8).

---

[1] According to Webster's Third New International Dictionary of the English Language, Unabridged, p. 151, Philip Babcock Gove et al. eds., (Merriam-Webster Inc. 1981), "averment" means "the establishment of a fact by evidence." Synonyms include "verification" and "affirmation."

[2] Mr. Ortseifen's correction pages were not included with Shinnefield Ex. 2, but were previously filed by Mr. Ortseifen in Ex. B. Exhibits identified herein by letter, e.g., Ex. B, are attached to the Wiswall affirmations of 9/13/10 (court docs. 146 and 147), unless otherwise stated.

Shinnefield Exhibit 3 records that,

REDACTED

. It does not refer or relate to any transactions in New York, by Mr. Ortseifen or anyone else, let alone any New York transactions giving rise to plaintiffs' claim in this action (see also footnote 4, infra).

Shinnefield Exhibits 4 and 5 do not even refer to Rhinebridge and were presumably submitted because they refer to Mr. Ortseifen as "CEO." Mr. Ortseifen's job title and functions are described in his affirmation of September 8, 2010 (court doc. 145, ¶ 7), and that description has not been controverted by plaintiffs.

Shinnefield Exhibits 6 and 7 refer to     REDACTED    , but there is no evidence that Mr. Ortseifen attended or participated in that meeting (see also, Ortseifen reply aff. of 11/3/10, ¶ 3).

Shinnefield Exhibit 8 is titled

REDACTED

. Most importantly, nothing in this document, or any other, connects any such transactions to Mr. Ortseifen.

Shinnefield Exhibit 9 is

REDACTED

REDACTED

. What is perhaps most telling is that this exhibit is one of only three documents (Shinnefield Exhibits 3, 9, 10) making some peripheral reference to Mr. Ortseifen that plaintiffs have submitted out of the large volume of documents concerning Rhinebridge. As with the other documents offered by plaintiffs, this email does not evidence any transaction of business by Mr. Ortseifen in New York giving rise to any claim.

Shinnefield Exhibit 10 is                    REDACTED

. Although written in German, plaintiffs did not include an English translation, certified or otherwise. In any case, his receipt of an email does not constitute a purposeful transaction of business by <u>him</u>, let alone one <u>in New York</u>, let alone one <u>from which plaintiffs' claims arose</u> (see Ortseifen reply aff. of 11/3/10, ¶ 11).

Shinnefield Exhibit 11 consists of excerpts from the Private Placement Memorandum. None of these selected excerpts, nor any other part of the entire 175 page document (Ex. K), makes any reference whatever to Mr. Ortseifen or supports the assertion of jurisdiction over him.

Shinnefield Exhibit 12 is                    REDACTED

. Plaintiffs' brief (at p. 8) attributes this document to "the IKB defendants," but neither IKB AG, nor IKB CAM, nor Mr. Reinke, nor Mr. Ortseifen is named anywhere in the document. Rather than tying Mr. Ortseifen to any New York transaction, this exhibit indicates instead that                    REDACTED

Shinnefield Exhibit 13 is a July 4, 2007 document listing ratings that Fitch assigned to various classes of notes issued by Rhinebridge. Once again, this exhibit makes no reference to Mr. Ortseifen, nor to anything done by him that could be alleged to give rise to plaintiffs' claims.

Shinnefield Exhibit 14 is a media report dated July 14, 2010, concerning proceedings brought against Mr. Ortseifen in Germany. Those proceedings did not raise issues concerning any statements or actions about Rhinebridge, any transaction of business by Mr. Ortseifen in New York, or any transaction anywhere giving rise to plaintiffs' claims here (Ortseifen reply aff. of 3/15/10, court doc. 80, ¶ 9; Nockelmann Reply Aff.).

Shinnefield Exhibit 15 consists of excerpts from a decision of this Court in the <u>Abu Dhabi v. Morgan Stanley</u> action. The exhibit was presumably included for its discussion of the legal standards concerning aiding and abetting, rather than as evidence of jurisdiction.

Disregarding the lack of any supporting evidence, plaintiffs' brief repeatedly makes assertions that go far beyond what is contained in the references they cite and, in many instances, are made without any citations at all.

For example, in an effort to force Mr. Ortseifen's last visit to New York (April 5-7, 2006) into some relevant time frame, plaintiffs' brief asserts (at p. 1) that IKB AG was on the brink of insolvency "in early 2006."[3] However, the only source that plaintiffs cite for that assertion is a mere allegation (amended complaint, ¶ 126) that actually alleges no such thing. More importantly, the assertion is not supported by any evidence, and in fact is contradicted by the evidence (Ortseifen reply aff. of 11/3/10, ¶ 2).

Similarly, plaintiffs assert that "in April 2006, <u>during this asset ramp up phase of the Rhinebridge SIV</u>, Ortseifen traveled to New York" (plaintiffs' brief, p. 5, emphasis added). However, the cited testimony offers no support for the notion that the "ramp up phase" extended back to April 2006. Likewise, plaintiffs' later assertion, "[i]t is clear that Ortseifen and Reinke

---

[3] Notably, plaintiffs omitted this phrase from their brief opposing Mr. Reinke's motion.

met with Morgan Stanley and C-BASS in New York <u>in connection with the asset ramp up for Rhinebridge</u>" (plaintiffs' brief, p. 6, emphasis added), also lacks any supporting evidence.[4]

At page 4 of their brief, plaintiffs assert that "[a]fter viewing a presentation . . . Ortseifen approved the establishment of the Rhinebridge SIV," but their references do not support that assertion. Moreover, board approval of future participation in an SIV would not be a fraudulent New York transaction any more than board approval to conduct an asset ramp up would.

Much of plaintiffs' argument is based on the premise that Rhinebridge had no employees and could not act on its own. Thus, plaintiffs assert, "[b]ecause the Rhinebridge SIV did not have any employees, it could only operate through agents like defendant Ortseifen." (plaintiffs' brief, p. 4). Plaintiffs' agency theory lacks any evidentiary support. Indeed, plaintiffs' arguments are inconsistent with their own exhibits. Shinnefield Exhibit 12 is

REDACTED

. Although plaintiffs' brief (at p. 8) inexplicably seeks to attribute that document to "the IKB defendants," neither IKB nor Mr. Ortseifen is mentioned anywhere in the exhibit, and it gives no support to the notion that Mr. Ortseifen ever acted as an agent for Rhinebridge.[5]

---

[4] Plaintiffs' conjecture is also irrelevant. Asset ramp ups are commonly used and, by themselves, do not constitute fraud. (Ortseifen reply aff., ¶¶ 6-10) Plaintiffs' claim relates to whether the ratings assigned to the assets were believed to be valid, and whether they supported the ratings of the Rhinebridge notes; those matters are plainly distinct from the threshold decision of whether a ramp up procedure should be used for the acquisition of assets.

Indeed, plaintiffs' references to the ramp up procedure contradict their argument that IKB AG sought to get rid of "its own toxic assets" (plaintiff's brief, p. 1). Plaintiffs' brief acknowledges that IKB CAM "searched for assets <u>in the market</u> and proposed them to Rhinebridge," and that then, "IKB Bank <u>purchased</u> the assets IKB CAM proposed and warehoused them until they were transferred to Rhinebridge" (plaintiffs' brief, pp. 1, 4-5, emphasis added). Exs. H and I confirm that IKB AG purchased assets for the Rhinebridge portfolio following instructions from the directors of Rhinebridge approving such purchases.

[5] With regard to Rhinebridge individuals in addition to
REDACTED

Significantly, plaintiffs' opposition papers do not take issue with many of the points made in Mr. Ortseifen's renewed motion. Among the facts that plaintiffs implicitly concede are the following:

1. Mr. Ortseifen had no participation in, or connection to, the Private Placement Memorandum or any other document containing the allegedly fraudulent representations. (Ortseifen aff. of 9/8/10, court doc. 145, ¶¶13-14).

2. Mr. Ortseifen had no communications with the rating agencies concerning the ratings assigned to any notes issued by Rhinebridge (Id., ¶ 16).

3. Mr. Ortseifen's last visit to New York, in April 2006, occurred long before the fraud alleged by plaintiffs. (Id., ¶ 4). Indeed, plaintiffs' brief expressly concedes that the alleged fraud began "the day it [i.e., Rhinebridge] was launched" (p. 11). Rhinebridge was launched on June 27, 2007 (e.g., amended complaint, ¶192), nearly fifteen months after that last visit. Whether or not the "true" values of the Rhinebridge assets and notes were known by anyone in June 2007, they could not have been known in April 2006, which is yet another fact that plaintiffs do not dispute.[6]

In addition to plaintiffs' failure to show any basis for long-arm jurisdiction under CPLR § 302(a), the assertion of jurisdiction here would also violate constitutional due process.[7] The

---

REDACTED (Ex K, pp. 29-31, see also, Exs. H and I).

[6] It must also be noted that plaintiffs do not allege in their pleadings, argue in their brief, or offer any evidence that either IKB AG or IKB CAM (or anyone else) acted as the agent of Mr. Ortseifen or were his alter egos.

[7] The waiver argument made in footnote 10 of plaintiffs' brief is without merit. Mr. Ortseifen raised the due process objection in his initial motions dated February 3, 2010 and March 23, 2010 (King County court doc. 53 at pp. 14-17; Iowa court doc. 80 at pp. 16-19). Those earlier briefs were expressly incorporated by reference in the papers filed by Mr. Ortseifen when he renewed those motions to dismiss (King County court doc. 148, pp. 1, 13).

-7-

five factors to be considered in assessing "reasonableness" (*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999)) weigh against exercising jurisdiction here.

First, Mr. Ortseifen is a retired individual living in Germany. He has no contacts with the State of New York. Requiring him to participate in this action would clearly impose very substantial burdens on him. Second, because the plaintiffs are also located far from New York, and their claims accrued in Iowa and Washington, New York has little, if any, interest in adjudicating any claim they wish to pursue against Mr. Ortseifen. Third, plaintiffs have already named several large corporate entities as defendants and cannot be heard to argue that they need Mr. Ortseifen to obtain effective relief. Fourth, Mr. Ortseifen's participation is unnecessary for an efficient resolution of plaintiffs' claims in this matter and, due to his location in a foreign country, use of a foreign language, and lack of involvement in the relevant events, the practical effect of his inclusion would be a <u>reduction</u> in efficiency. Fifth, there is no showing that Mr. Ortseifen would be subject to jurisdiction in any other state or nation (other than Germany), so the shared interests of the various states also do not support the assertion of jurisdiction. The assertion of jurisdiction over Mr. Ortseifen here would violate the due process clause, and plaintiffs have made no showing to the contrary.

## PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST MR. ORTSEIFEN

In responding to Mr. Ortseifen's motion based on Rule 12(b)(6), plaintiffs acknowledge that a complaint must "plead particularized facts" (plaintiffs' brief, p. 22; see also p. 13). Despite that requirement, however, plaintiffs' pleadings are devoid of any allegations setting forth particularized facts from which Mr. Ortseifen's liability could reasonably be inferred.

The amended complaint does not attribute any misrepresentations to Mr. Ortseifen. None of the complaint paragraphs referenced on p. 14 of plaintiffs' brief (i.e., ¶¶ 2-4, 69, 74, 77-79,

81) specifically refers to him at all. If plaintiffs' pleading methods were permitted, plaintiffs could state a claim against any persons they chose by simply listing them in the title of the action as "defendants." .

Although plaintiffs assert, without the support of any foundational allegations or evidence, that the group pleading doctrine is applicable to Mr. Ortseifen, that doctrine does not apply for the reasons stated in Mr. Ortseifen's prior memoranda. Plaintiffs' argument that Mr. Ortseifen was an insider at IKB AG is irrelevant. Because the notes purchased by plaintiffs were issued by Rhinebridge PLC and Rhinebridge LLC, the only "insiders" that could be subject to the group pleading doctrine here would be insiders of Rhinebridge (see In re Tronox Inc. Sec. Litig., No. 09 Civ. 6220 (SAS), 2010 U.S. Dist. LEXIS 67664, at * 29-30 n.111(S.D.N.Y. June 28, 2010) and King County v. IKB, Opinion and Order of 10/29/10, court doc. 162, pp. 8-12). Mr. Ortseifen was not an insider of Rhinebridge, he did not make the alleged misrepresentations, and the amended complaint states no "particularized facts" to the contrary. Plaintiffs' argument that their allegations must be accepted as true (e.g., plaintiffs' brief, p. 17) fails because there are no specific allegations about the conduct of Mr. Ortseifen. Pleas that the complaint be "read in the light most favorable to plaintiffs" (e.g., plaintiffs' brief, p. 18) do not justify pretending that the complaint contains allegations that are simply not there.[8]

Similarly, with regard to the requirement that plaintiffs plead scienter, plaintiffs argue that "the complaint's scienter allegations must be accepted as true" (plaintiffs' brief, p. 22), ignoring the fact that there are no allegations as to Mr. Ortseifen's knowledge and intent. Although plaintiffs' brief (p. 24) argues that "Ortseifen had knowledge of and participated in the

---

[8] As noted in Pension Committee of Univ. of Montreal Pension Plan v. Banc of America Securities LLC, 446 F. Supp. 2d 163, 182 n.122 (S.D.N.Y. 2006), "a complaint may not be amended by briefs submitted in opposition to a motion to dismiss."

underlying fraud," none of the 236 paragraphs in the amended complaint says that, and all of the evidence says the opposite. The complaint's blanket references to "defendants" and "IKB" are insufficient. (See, e.g. Iowa Court Doc. 80, ¶¶ 8-10).[2]

To the extent that plaintiffs seek leave to amend their pleadings again to include allegations such as the unsupported statements in their brief, that request should be denied. Plaintiffs have already amended their two prior complaints and have had ample opportunities to state whatever information about Mr. Ortseifen they claim to have. Moreover, because their present contentions are contradicted by the evidence in the record, a further amendment would be futile, and would also raise Rule 11 issues.

## CONCLUSION

For all of the reasons stated above and in the prior motion papers, this action and all claims asserted in it against Mr. Ortseifen should be dismissed.

Dated: November 3, 2010
      Buffalo, New York

                          Respectfully submitted,

                          PHILLIPS LYTLE LLP

                          By       /s/ Thomas S. Wiswall
                                 Thomas S. Wiswall
                          *Attorneys for Defendant Stefan Ortseifen*
                          3400 HSBC Center
                          Buffalo, New York  14203-2887
                          Telephone No.: (716) 847-8400

                          Of Counsel:   Wolfgang Nockelmann
                                          Craig R. Bucki

Doc # 01-2406663.4

---

[2] With regard to the other missing elements of the claims offered by plaintiffs, Mr. Ortseifen relies on the discussions in his prior memoranda.