UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KING COUNTY, WASHINGTON,
IOWA STUDENT LOAN LIQUIDITY
CORPORATION, etc.,

     Plaintiffs,

v.

IKB DEUTSCHE INDUSTRIEBANK, AG,
IKB CREDIT ASSET MANAGEMENT,
GmbH, MOODY'S INVESTORS SERVICE,
INC., MOODY'S INVESTORS SERVICE
LIMITED, THE McGRAW HILL
COMPANIES, INC. (d/b/a STANDARD &
POOR'S RATINGS SERVICES), FITCH,
INC., MORGAN STANLEY & CO.
INCORPORATED, MORGAN STANLEY &
CO. INTERNATIONAL LIMITED,
WINFRIED REINKE and STEFAN
ORTSEIFEN,

     Defendants.

**REPLY AFFIRMATION OF
WOLFGANG NOCKELMANN
IN SUPPORT OF STEFAN
ORTSEIFEN'S RENEWED
MOTION TO DISMISS**

Civil Action No. 1:09-cv-08387-SAS

---

  WOLFGANG NOCKELMANN hereby affirms pursuant to 28 U.S.C. § 1746:

  1. I am an attorney licensed to practice law in the Federal Republic of Germany and also in the State of New York. I am a member of the law firm Aderhold Rechtsanwaltsgesellschaft GmbH, and work at its office located in Dortmund, Germany. I make this reply affirmation in response to the references made in plaintiffs' opposition papers (Shinnefield decl., Ex. 14) concerning the court proceedings in Düsseldorf, Germany involving Mr. Ortseifen.

2. In those German court proceedings, my law partner Dr. von Dalwigk, together with Dr. Rainer Hamm, acted as counsel of record for Mr. Ortseifen, and I have personal knowledge of the matters stated herein.

3. The present status of those proceedings is that the decision of the trial court in Düsseldorf is currently on appeal to the Federal Supreme Court in Karlsruhe, Germany. Due to this pending appeal, under German law the trial court's decision is not considered a final adjudication of the issues before it and does not have res judicata or collateral estoppel effects in other court proceedings.

4. The subject matter of these German proceedings does not include any issue concerning the marketing of notes issued by Rhinebridge PLC and Rhinebridge LLC or the accuracy of any representations about them. The main issues involved in the German proceedings are whether statements in a press release issued by IKB AG on July 20, 2007 concerning its own financial condition were misleading within the meaning of a German statute, whether Mr. Ortseifen knew or should have known of any such misleading aspect of those statements, and whether he bears responsibility for the statements made. This press release makes no reference to Rhinebridge at all, or to the ratings assigned either to Rhinebridge assets or Rhinebridge notes, or to the validity of such ratings. In their opposition to Mr. Ortseifen's motion, plaintiffs have not submitted the press release, and they do not refer to or rely on any of the statements in it.

5. Like the press release, the written decision issued by the trial court also makes no reference to any representations made by anyone concerning Rhinebridge, its notes, its assets, or any ratings concerning them. Nor does the court's decision make any reference to any transaction of business in New York, whether by Mr. Ortseifen or anyone else.

6. It is respectfully submitted that there has not been any allegation or any finding in the German proceedings that would justify any implication that Mr. Ortseifen knowingly participated in making any false or misleading statements regarding the Rhinebridge notes, or that he had any intent to deceive, or did deceive, the plaintiffs or anyone else about those notes. In addition, nothing alleged or found in those German court proceedings relates to whether Mr. Ortseifen transacted any business in New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 3, 2010
in Dortmund, Germany

_____
Wolfgang Nockelmann