UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

KING COUNTY, WASHINGTON,
and IOWA STUDENT LOAN
LIQUIDITY CORPORATION,

     Plaintiffs,

  - against -

IKB DEUTSCHE INDUSTRIEBANK
AG, IKB CREDIT ASSET
MANAGEMENT, GmbH, MOODY'S
INVESTORS SERVICE, INC.,
MOODY'S INVESTORS SERVICE
LIMITED, THE McGRAW HILL
COMPANIES, INC. (d/b/a STANDARD
& POOR'S RATINGS SERVICES),
FITCH, INC., MORGAN STANLEY &
CO. INCORPORATED, and MORGAN
STANLEY & CO. INTERNATIONAL
LIMITED,

     Defendants.

------------------------------------------------------- X

**ORDER**

09 Civ. 8387 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

  At a conference held on August 10, 2011, this Court deferred ruling on plaintiffs' request for Civil Investigative Demands ("CIDs") issued to Morgan Stanley by the Massachusetts Attorney General ("Mass AG") pursuant to an investigation. At a previous conference held on July 13, 2011, I ordered plaintiffs

1

to send a letter to the Mass AG to determine whether it opposed Morgan Stanley's production of the CIDs. Plaintiffs did so on July 19. On July 28, the Mass AG responded, stating that it objected to Morgan Stanley's production of the CIDs on two grounds: (1) disclosure of the CIDs would prejudice the ongoing investigation of the Mass AG; and (2) the CIDs are not relevant to the claims set forth in plaintiffs' complaint. The Mass AG also requested that, if the Court ordered production of the CIDs, the Court should enter a protective order. Thus, the Mass AG's response differed from the response of the federal agencies implicated in a similar dispute in a related case last fall;[1] those federal agencies did not object to production of their document requests.

Plaintiffs nonetheless argue that the Court should order production of the CIDs because (1) there is no legal basis for the assertion of investigatory privilege, as the privilege only protects the Mass AG (not Morgan Stanley), and (2) the Mass AG's investigation is highly relevant to falsity and scienter allegations. Moreover, they assert that any concerns about compromising the Mass AG investigation can be resolved by a protective order.

Plaintiffs' request for the CIDs is "reasonably calculated to lead to the discovery of admissible evidence" – defeating Morgan Stanley's objection on

---

[1] *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 08 Civ. 7508.

2

relevance grounds. However, plaintiffs failed to press for production of the CIDs in *Abu Dhabi*, which suggests that the request may be duplicative of plaintiffs' requests for *federal* investigatory demands last fall – requests that were in large part granted. Most importantly, the general policy goal of the investigatory privilege – preserving the integrity of law enforcement investigations – would be advanced by honoring the Mass AG's position and denying plaintiffs' production request. This is especially true where Morgan Stanley has agreed to search its production to the Mass AG for relevant documents based on agreed-upon search terms.

For these reasons, plaintiffs are ordered to provide Morgan Stanley with search terms to run on the Mass AG production by Wednesday, August 31, 2011. If Morgan Stanley objects to the search terms, it should raise those objections to the Special Master, who should resolve this particular dispute, notwithstanding that it does not arise out of *Abu Dhabi*. Morgan Stanley shall complete its production pursuant to the agreed-upon search terms by September 14, 2011.

                                                                 SO ORDERED:

                                                                 Shira A. Scheindlin
                                                                 U.S.D.J.

Dated:       New York, New York
               August 26, 2011

- Appearances -

**For Plaintiffs King County, Washington and Iowa Student Loan Liquidity Corporation:**

Daniel S. Drosman, Esq.
Jessica T. Shinnefield, Esq.
Darryl J. Alvarado, Esq.
Anne L. Box, Esq.
Patrick J. Coughlin, Esq.
Nathan R. Lindell, Esq.
David C. Walton, Esq.
X Jay Alvarez, Esq.
Christina A. Royce, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058

Luke O. Brooks, Esq.
Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
1 Montgomery Street, Suite 1800
San Francisco, California 94104
(415) 288-4545

Samuel H. Rudman, Esq.
Jarrett S. Charo, Esq.
David A. Rosenfeld, Esq.
Robert M. Rothman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

**For Defendants Morgan Stanley & Co., Inc. and Morgan Stanley & Co. International Limited:**

James P. Rouhandeh, Esq.
Antonio Jorge Perez-Marques, Esq.
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4559

5

| | |
|---|---|
| **For Defendants IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH:** | **For Defendants Moody's Investors Service Limited and Moody's Investors Service, Inc.** |

John D. McFerrin-Clancy, Esq.
Zachary D. Rosenbaum
Lowenstein Sandler PC
1251 Avenue of The Americas
New York, New York 11020
(212) 262-6700

Thomas E. Redburn, Jr., Esq.
Jennifer Jane McGruther, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2456

James J. Coster, Esq.
Joshua M. Rubins, Esq.
Justin E. Klein, Esq.
James J. Regan, Esq.
Aaron M. Zeisler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

**For Defendant The McGraw Hill Companies, Inc. d/b/a Standard & Poor's Rating Services**

**For Defendant Fitch, Inc.**

Dean I. Ringel, Esq.
Andrea R. Butler, Esq.
Floyd Abrams, Esq.
Jason M. Hall, Esq.
Brian T Markley, Esq.
Tammy L. Roy, Esq.
Adam N. Zurofsky, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

Andrew J. Ehrlich, Esq.
Martin Flumenbaum, Esq.
Roberta A. Kaplan, Esq.
Mark S. Silver, Esq.
Tobias J. Stern, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3166

**Copy to:**

**Special Master**
Jonathan Redgrave, Esq.
601 Pennsylvania Avenue NW
Washington, D.C. 20004
(201) 681-2505