UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
KING COUNTY, WASHINGTON, et al., : Master File No. 1:09-cv-08387-SAS
Individually and on Behalf of All Others : **(Consolidated)**
Similarly Situated, :
: <u>CLASS ACTION</u>
                Plaintiffs, :
: PLAINTIFFS' APPLICATION FOR
     vs. : ISSUANCE OF A LETTER OF REQUEST
: FOR INTERNATIONAL JUDICIAL
IKB DEUTSCHE INDUSTRIEBANK AG, et : ASSISTANCE PURSUANT TO THE
al., : EVIDENCE (PROCEEDINGS IN OTHER
: JURISDICTIONS) ACT OF 1975 TO
                Defendants. : PERMIT DEPOSITION TESTIMONY
: FROM GREGG DRENNAN, STEFAN
---------------------------------------------------------x BUND, FANNY LAU, GRACIE CHEN,
STEPHEN WALLIS AND GLENN MOORE

644924_1

I.  **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 4(f)(2)(B) and 28(b), and the United Kingdom Evidence (Proceedings in Other Jurisdictions) Act of 1975 (the "Evidence Act"), plaintiffs King County, Washington and Iowa Student Loan Liquidity Corporation (collectively, "plaintiffs") respectfully request that the Court issue a Letter of Request to The Senior Master, Queen's Bench Division of The High Court of Justice of The United Kingdom for the purpose of obtaining deposition testimony from Gregg Drennan, Stefan Bund, Fanny Lau, Gracie Chen, Stephen Wallis and Glenn Moore (the "deponents"). *See also* 28 U.S.C. §1781. Because the deponents are foreign citizens residing in England, they cannot be compelled to testify at trial in the United States. Therefore, the issuance of a Letter of Request under the procedures of the Evidence Act is the only feasible means for plaintiffs to obtain this evidence for trial. As with *de bene esse* depositions, the requested depositions are essential for plaintiffs to preserve the deponents' testimony for trial. The Letter of Request must be issued by a court in the country of origin (here, the United States District Court for the Southern District of New York). The Letter of Request complies with the procedures of the Evidence Act and is attached hereto as Exhibit 1. *See* Evidence Act, §§1-2.

A copy of the Evidence Act, printed from the United Kingdom's Office of Public Sector Information website, is attached hereto for the Court's reference as Exhibit 2. A Letter of Request pursuant to the Evidence Act is filed by an English lawyer directly with the Senior Master, Queen's Bench Division of the High Court, whereas a Letter of Request pursuant to the Hague Convention must be served on an administrative central authority in London. Plaintiffs' London counsel has informed plaintiffs that a Letter of Request filed directly with the Senior Master is a more efficient method for obtaining permission to take the depositions of English witnesses for use in a United States proceeding. Once signed by the Court, plaintiffs will retrieve the Letter of Request from the

Court and transmit it to plaintiffs' London counsel, who will file the Letter of Request with the Senior Master, Queen's Bench Division of the High Court.

Plaintiffs asked defendants[1] whether they oppose the issuance of this Letter of Request. Defendants S&P, Morgan Stanley and Fitch have indicated that they oppose and/or reserve their right to oppose the Letter of Request. Defendant Moody's has not responded to plaintiffs regarding its position. In addition, while Fitch has indicated that it represents deponent Glenn Moore, it has not responded to plaintiffs' multiple requests for Mr. Moore's current address or an address at which he may be served. Once Fitch provides this information, plaintiffs will amend their Letter of Request to include Mr. Moore's correct address.[2]

---

[1] The term "defendants" refers to IKB Deutsche Industriebank AG, IKB Credit Asset Management, GmbH (collectively, "IKB"), Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited (collectively, "Morgan Stanley"), Standard & Poor's Rating Services and The McGraw Hill Companies, Inc. (collectively, "S&P"), Moody's Investor Service, Inc. and Moody's Investor Service Ltd. (collectively, "Moody's"), and Fitch, Inc. ("Fitch").

[2] Fitch and S&P have indicated that they will oppose the Letter of Request with respect to Mr. Moore and Mr. Wallis, respectively, to the extent it seeks deposition testimony exceeding seven hours per deponent. While plaintiffs are committed to using the deponents' time as efficiently as possible, plaintiffs expect that more time will be necessary, especially given the importance of these witnesses and their inability to be compelled to testify at trial. Accordingly, consistent with the Court's Suggested Rules of Discovery Practice, the Court's deposition practice in *Abu Dhabi Commercial Bank, et al. v. Morgan Stanley & Co., et al.* and the interests of scheduling efficiency, plaintiffs should be allowed two days or 14 hours of deposition for each deponent.

Fitch has also indicated that it will oppose the Letter of Request with respect to Mr. Bund on the grounds that, based on Mr. Rice's estimates during the June 15, 2011 hearing, plaintiffs are allowed only *one* deposition of a current or former Fitch employee (excluding a 30(b)(6) deposition). As the transcript reflects, however, Mr. Rice estimated at least *two* fact witness depositions for Fitch. *See* June 15, 2011 Hrg. Transcript at 30:18 (Mr. Rice: ". . . and two for Fitch."). The Court has not so restricted plaintiffs but, rather, has instructed plaintiffs to "[p]ick the right guy." *Id*. at 31:10. To that end, plaintiffs should be allowed to allocate their depositions among defendants as they see fit.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Relevant Factual Background

This is a civil proceeding in which plaintiffs bring claims against defendants for common law fraud and aiding and abetting in connection with plaintiffs' purchase of Rhinebridge SIV notes. This action arises from the collapse of the Rhinebridge SIV, co-arranged by IKB and Morgan Stanley. Defendants S&P, Moody's and Fitch are credit rating agencies (the "Rating Agencies") that provide credit ratings on financial instruments. Plaintiffs allege that the Rating Agencies, together with IKB and Morgan Stanley, stamped the Rhinebridge SIV with high credit ratings despite knowing that the Rhinebridge SIV was filled with toxic, low-quality assets.

The Rhinebridge SIV used investor money to purchase various asset-backed securities and sold interests in the Rhinebridge SIV in the form of Commercial Paper, Medium Term Notes, Senior Capital Notes, Mezzanine Capital Notes, Combination Notes (collectively, the "Rated Notes") and unrated Junior Capital Notes. Because defendants knew the Rhinebridge SIV was filled with low-quality assets, the high credit ratings on the Rated Notes were knowingly false when issued.

In October 2007, the Rhinebridge SIV collapsed and entered into receivership in the United Kingdom. The value of plaintiffs' investments was negatively affected as a result of the Rhinebridge SIV's collapse and subsequent restructuring.

### B.  The Requested Discovery

The Rhinebridge SIV was launched out of defendants' London offices. Accordingly, many of the key percipient witnesses, including the deponents, reside in England. Documents produced by defendants reveal that the deponents have direct knowledge of all aspects of the Rhinebridge SIV, including its creation, structuring, rating, marketing, monitoring, and collapse.

Plaintiffs believe the documents produced by defendants and third parties in this action are sufficient to conduct the depositions and have not requested that the deponents produce documents separately. The Court need only sign the Letter of Request. After the Letter of Request has been executed, plaintiffs will retrieve the Letter of Request from the Court and forward to plaintiffs' London counsel for filing with the Senior Master, Queen's Bench Division of the High Court in London.

### C. Knowledge of the Person to Be Examined

In order to establish the complete facts necessary to fully prosecute this action, plaintiffs are seeking to obtain testimony from the deponents. Plaintiffs believe that the deponents are knowledgeable about certain facts underlying this action. Documents produced by defendants in this case identify the deponents as the key individuals involved in creating, rating, marketing, and monitoring the Rhinebridge SIV. Accordingly, the testimony that plaintiffs seek from these deponents is highly relevant to plaintiffs' allegations, as described more fully below.

#### 1. Gregg Drennan

Mr. Drennan was an Executive Director at Morgan Stanley in London during the relevant period and served as the lead arranger for the Rhinebridge SIV. Mr. Drennan was directly involved in all aspects of the creation, structuring, marketing, and maintenance of the Rhinebridge SIV. Mr. Drennan worked and communicated with the Rating Agencies and IKB to create and launch the Rhinebridge SIV. Mr. Drennan was involved in reviewing and approving the purchase of the Rhinebridge SIV's underlying assets. Mr. Drennan also participated in key discussions between IKB and the Rating Agencies in securing the Rhinebridge SIV's false credit ratings. Mr. Drennan was integral in negotiating with the Rating Agencies to obtain exceptions to important tests and parameters thereby enabling false credit ratings to be obtained. Mr. Drennan was also involved in

negotiating Morgan Stanley's fees for its role as co-Arranger and Placement Agent for the Rhinebridge SIV.

### 2.  Stefan Bund

Dr. Stefan Bund was a Managing Director in Fitch's European Structured Finance Group in London during the relevant period and was the managing director of the committee responsible for assigning false ratings to the Rhinebridge SIV. Dr. Bund was involved in all aspects of the creation, initial rating and ongoing monitoring and rating of the Rhinebridge SIV. Dr. Bund also was directly responsible for lobbying IKB regarding the added benefits of obtaining a credit rating from Fitch for the Rhinebridge SIV. Dr. Bund served as one of Fitch's primary liaisons between IKB and Morgan Stanley in securing the Rhinebridge SIV's false ratings. Dr. Bund was also involved in negotiating the fees Fitch earned for rating the Rhinebridge SIV. Dr. Bund is also knowledgeable regarding Fitch's downgrade of the Rhinebridge SIV and Rated Notes.

### 3.  Fanny Lau

Fanny Lau was Assistant Vice President and Analyst in Moody's Structured Finance Group in London during the relevant time period and was one of the lead analysts on the committee of analysts responsible for assigning false ratings to the Rhinebridge SIV. Ms. Lau was involved in all aspects of the creation, initial rating, and ongoing monitoring and rating of the Rhinebridge SIV. Ms. Lau worked with Morgan Stanley and IKB to create and launch the Rhinebridge SIV. Ms. Lau communicated with Morgan Stanley and IKB to negotiate exceptions to important tests and parameters, thereby enabling false credit ratings to be obtained. Ms. Lau was also involved in negotiating Moody's fees for rating the Rhinebridge SIV.

### 4. Gracie Chen

Gracie Chen was an Analyst in Morgan Stanley's CDO Structuring Group in London during the relevant period and was directly involved in all aspects of the creation, structuring, marketing and maintenance of the Rhinebridge SIV. Ms. Chen was the lead quantitative analyst for Morgan Stanley on the Rhinebridge SIV, and acted as one of Morgan Stanley's primary liaisons between IKB and the Rating Agencies in securing the Rhinebridge SIV's false ratings. Ms. Chen performed quantitative modeling on key aspects of the Rhinebridge SIV, and was integral in negotiating with the Rating Agencies to obtain exceptions to important tests and parameters, thereby enabling false credit ratings to be obtained. Ms. Chen is also knowledgeable about the assets underlying the Rhinebridge SIV. Ms. Chen was also involved in negotiating Morgan Stanley's fees for its role as Arranger and Placement Agent for the Rhinebridge SIV. Ms. Chen also is knowledgeable regarding the downgrade and receivership of the Rhinebridge SIV and Rated Notes.

### 5. Stephen Wallis

Stephen Wallis was a Surveillance Analyst in S&P's Structured Finance Group in London during the relevant time period and was one of the lead analysts responsible for assigning false ratings to the Rhinebridge SIV. Mr. Wallis was directly involved in the creation, initial rating, and ongoing monitoring and rating of the Rhinebridge SIV. Mr. Wallis worked with Morgan Stanley and IKB to create and launch the Rhinebridge SIV. Mr. Wallis communicated with Morgan Stanley and IKB to negotiate exceptions to important tests and parameters, thereby enabling false credit ratings to be obtained.

### 6. Glenn Moore

Glenn Moore was an Associate Director in Fitch's European Structured Finance Group in London during the relevant period and was the lead analyst responsible for assigning false ratings to

the Rhinebridge SIV.  Mr. Moore was very involved in all aspects of the creation, initial rating and ongoing monitoring and rating of the Rhinebridge SIV.  Mr. Moore was also involved in lobbying IKB regarding the added benefits of obtaining a credit rating from Fitch for the Rhinebridge SIV.  Mr. Moore served as one of Fitch's primary liaisons between IKB and Morgan Stanley in securing the Rhinebridge SIV's false ratings.  In addition, Mr. Moore worked with Morgan Stanley and IKB to negotiate the tests and parameters enabling false credit ratings to be obtained.  Mr. Moore is also knowledgeable regarding Fitch's downgrade of the Rhinebridge SIV and Rated Notes.  Further, Fitch's counsel has represented that its corporate designee pursuant to Fed. R. Civ. P. 30(b)(6) would benefit from studying Mr. Moore's testimony, as no current Fitch employee has percipient knowledge of the Rhinebridge SIV.

### III.   ARGUMENT

#### A.   A Letter of Request Is the Proper Method for Obtaining Testimony from Witnesses Located in the United Kingdom

The Evidence Act governs the ability of English courts to make orders to assist courts in foreign jurisdictions, including the United States, to obtain evidence to be used in a foreign litigation.  *See* Evidence Act, §2(1).  The Evidence Act provides United States litigants with the ability to secure the attendance of English witnesses at depositions to obtain testimony in connection with a United States litigation.  *Id.*, §2(2)(a).

The issuance of a Letter of Request seeking foreign judicial assistance in collecting evidence is authorized under the Evidence Act.  Once a Letter of Request is executed by a foreign court, an application attaching the Letter of Request is made directly to the High Court.  *Id.*, §1(a)-(b).

    **B.    The Testimony Sought from Drennan, Bund, Lau, Chen, Wallis and Moore Is Directly Relevant to Plaintiffs' Allegations**

As summarized above, the information possessed by the deponents is important in determining critical aspects of the alleged fraud. Plaintiffs seek testimony under oath from these witnesses regarding their knowledge of all aspects of the Rhinebridge SIV. Their testimony will shed light on how the Rhinebridge SIV came into existence, the efforts undertaken to structure the Rhinebridge SIV and arrive at the final ratings, the sales and marketing efforts, the monitoring of the Rhinebridge SIV post-launch, and the eventual downgrade and collapse of the Rhinebridge SIV. Such key facts will speak directly to plaintiffs' allegations that defendants made false statements to Rhinebridge SIV investors regarding the purported high quality of the Rated Notes. Moreover, because the deponents cannot be compelled to testify at trial in the United States, the requested depositions are essential to preserving their testimony for trial.

**IV.    CONCLUSION**

For all of the foregoing reasons, plaintiffs respectfully request that this Court grant their application and issue the Letter of Request, attached hereto as Exhibit 1.

DATED: September 2, 2011        Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          LUKE O. BROOKS
                                          JASON C. DAVIS
                                          SARAH R. HOLLOWAY

                                          s/ SARAH R. HOLLOWAY
                                            SARAH R. HOLLOWAY

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415-288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com
sholloway@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
JOHN J. RICE
JAMES A. CAPUTO
DARRYL J. ALVARADO
SHANNON M. MATERA
JESSICA T. SHINNEFIELD
JARRETT S. CHARO
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jrice@rgrdlaw.com
jimc@rgrdlaw.com
dalvarado@rgrdlaw.com
smatera@rgrdlaw.com
jshinnefield@rgrdlaw.com
jcharo@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Attorneys for Plaintiffs

- 9 -

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2, 2011.

                                                                                              s/ SARAH R. HOLLOWAY
                                                                                              SARAH R. HOLLOWAY

                                                                                              ROBBINS GELLER RUDMAN
                                                                                                  & DOWD LLP
                                                                                              Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: sholloway@rgrdlaw.com

644924_1

# Mailing Information for a Case 1:09-cv-08387-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Aieta**
  maieta@ssbb.com,managingclerk@ssbb.com,marioaieta@gmail.com,dgerard@ssbb.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com

- **X Jay Alvarez**
  jaya@rgrdlaw.com

- **Anne L. Box**
  anneb@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Andrea Rose Butler**
  abutler@cahill.com

- **James A. Caputo**
  jimc@rgrdlaw.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Andrew James Ehrlich**
  aehrlich@paulweiss.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **Jason Michael Hall**
  jhall@cahill.com

- **Sarah R Holloway**
  sholloway@rgrdlaw.com

- **Fran Marcia Jacobs**
  fmjacobs@duanemorris.com

- **Roberta Ann Kaplan**
  rkaplan@paulweiss.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Brian T Markley**
  bmarkley@cahill.com

- **John D. McFerrin-Clancy**
  jmcferrin-clancy@lowenstein.com

- **Jennifer Jane McGruther**
  jmcgruther@lowenstein.com

- **William Ross Miller , Jr**
  william.miller@dpw.com,ecf.ct.papers@dpw.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Thomas E. Redburn , Jr**
  tredburn@lowenstein.com

- **James J. Regan**
  jregan@ssbb.com

- **John J. Rice**
  jrice@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Dean I. Ringel**
  DRingel@Cahill.com,JHall@cahill.com

- **Christopher Joseph Roche**
  christopher.roche@davispolk.com

- **Zachary David Rosenbaum**
  zrosenbaum@lowenstein.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com,ecf.ct.papers@davispolk.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Christina A. Royce**

croyce@rgrdlaw.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Andrew Dickens Schlichter**
  andrew.schlichter@dpw.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com

- **Mark Steven Silver**
  mssilver@paulweiss.com

- **Tobias James Stern**
  tstern@paulweiss.com

- **Thomas S. Wiswall**
  twiswall@phillipslytle.com,jgroat@phillipslytle.com,ecfphillips@phillipslytle.com

- **Julia Tarver-Mason Wood**
  jmason@paulweiss.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David C. Walton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301
```