UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

KING COUNTY, WASHINGTON AND
IOWA STUDENT LOAN LIQUIDITY
CORPORATION,

               Plaintiffs,

- against -

IKB DEUTSCHE INDUSTRIEBANK
AG, IKB CREDIT ASSET
MANAGEMENT, GmbH, MOODY'S
INVESTORS SERVICE, INC.,
MOODY'S INVESTORS SERVICE
LIMITED, THE McGRAW HILL
COMPANIES, INC. (d/b/a STANDARD
& POOR'S RATINGS SERVICES),
FITCH, INC., MORGAN
STANLEY & CO. INCORPORATED,
and MORGAN STANLEY & CO.
INTERNATIONAL LIMITED

               Defendants.
------------------------------------------------------- X

**OPINION AND ORDER**

09 Civ. 8387 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.  INTRODUCTION

      Institutional investors King County, Washington and Iowa Student Loan Liquidity Corporation (together, "Plaintiffs") bring this action to recover losses stemming from the October, 2007 collapse of Rhinebridge, a structured investment vehicle. Plaintiffs' Second Amended Complaint included claims of common law fraud, negligent misrepresentation, negligence, beach of fiduciary

duty, and aiding and abetting against two individuals — who have since been dismissed from the action — and eight corporate entities (collectively, "Defendants"):  Deutsche Industriebank AG and IKB Credit Asset Management, GmbH (together, "IKB"); The McGraw Hill Companies, Inc. d/b/a Standard & Poor's Rating Services; Moody's Investors Service, Inc. and Moody's Investors Service Ltd.; Fitch, Inc. (with S&P and Moody's, the "Rating Agencies"); Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited (together, "Morgan Stanley").[1]  Defendants successfully moved to dismiss the claims for negligence, breach of fiduciary duty, and aiding and abetting, but Plaintiffs' claims for common law fraud and negligent misrepresentation remain.[2] Plaintiffs now seek to settle with IKB and, pursuant to the proposed settlement, IKB requests that the Court enter a Bar and Judgement Reduction Order ("the Bar Order").  Morgan Stanley opposes the Bar Order on the grounds that it violates the contracts between Morgan Stanley and IKB, and that it affects Morgan Stanley's express contractual indemnification rights.  For the following reasons, I find that the objection based on the contract is premature, and that Morgan Stanley's

---

[1]  *See* Second Amended Consolidated Complaint for Violations of New York State Law.

[2]  *See generally King County, Wash. v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 1592193, — F. Supp. 2d — (S.D.N.Y. May 4, 2012), *reconsideration denied*, 2012 WL 2160285 (S.D.N.Y. June 7, 2012).

objection to the Bar Order's language is easily remedied by a minor modification of the Bar Order.

## II.     BACKGROUND[3]

IKB and Morgan Stanley have a contractual relationship that provides, *inter alia*, for IKB to indemnify Morgan Stanley in certain civil actions. In any action that triggers the Indemnity Provision,

> IKB shall not, without the prior written consent of the Indemnified Party, effect any settlement of any pending or threatened proceeding in respect of which any Indemnified Party is or could have been a party and indemnity would have been available hereunder by such Indemnified Party, unless such settlement includes an unconditional release of such Indemnified Party from all liability on claims that are subject matter of such proceeding.[4]

IKB seeks to settle with Plaintiffs, and pursuant to that settlement, proposes that the Court enter a Bar Order.[5] IKB originally asked the Court to enter a Bar Order providing that "[t]he Settling Defendants . . . are discharged from all claims for contribution and all claims for statutory and/or common law

---

[3]     Familiarity with the facts of this action are assumed. For an extensive review of those facts, see *id.* at *1-5. I outline below only the facts pertinent to this dispute.

[4]     6/21/06 Agreement between Morgan Stanley and IKB ("Engagement Letter"), Ex. A to Opposition to IKB's Motion for Entry of Bar and Judgment Reduction Order ("Opp. Mem."), at 17.

[5]     *See generally* 6/26/12 Memorandum of Law of IKB in Support of Their Motion for Entry of Bar and Judgment Reduction Order ("Pl. Mem.").

indemnification . . . . Accordingly, to the fullest extent provided by law, the Court bars, enjoins and restrains any and all Contribution Claims against the Settling Defendants."[6] In response to objections from the Ratings Agencies and Morgan Stanley, IKB now proposes a Modified Bar Order instead providing that "[t]he Settling Defendants . . . are discharged from all claims . . . to the full extent such claims are precluded pursuant to New York General Obligations Law sec. 15-108 (the "Barred Claims"). This Order bars, enjoins, or restrains only the Barred Claims."[7] In light of the new language, the Ratings Agencies withdrew their objections to the Bar Order, though Morgan Stanley has not.

### III. APPLICABLE LAW

Bar Orders such as the one requested here are common in settlements. "[I]f a nonsettling defendant against whom a judgment had been entered were allowed to seek payment from a defendant who had settled, then settlement would not bring the latter much peace of mind . . . . This potential liability would surely diminish the incentive to settle."[8] However, "[a] court can endorse a settlement

---

[6] [Proposed] Bar Order ("original Bar Order") at 2-3, Ex. to Pl. Mem.

[7] Modified [Proposed] Bar Order ("Modified Bar Order"), Ex. D to 7/16/12 Declaration of Zachary Rosenbaum, Counsel to IKB, in Further Support of IKB's Motion for Entry of Bar and Judgment Reduction Order.

[8] *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1028 (2d Cir. 1992).

only if 'the compromise is fair, reasonable and adequate.'"[9]

The scope of the fairness considerations extends beyond the interests of the settling parties. "Where the rights of third parties are affected [ ] their interests too must be considered."[10] Accordingly, because federal policy strongly favors settlement, courts may approve a bar on contribution claims between the settling defendants and the non-settling defendants "so long as there is a provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them."[11]

New York allows a non-settling joint tortfeasor to have its judgment reduced by the more-favorable of either a *pro tanto* rule or a proportionate share rule (a "capped proportionate share").[12] The *pro tanto* rule "reduces a non-settling defendant's liability for a judgment against him in the amount paid by a settling defendant."[13] In contrast, under the proportionate share rule, "the jury assesses the

---

[9] *Id.* at 1026 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982)). *Accord Gerber v. MTC Elec. Techs.*, 329 F.3d 297, 302 (2d Cir. 2003).

[10] *In re Masters Mates*, 957 F.2d at 1026 (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

[11] *In re WorldCom Inc., ERISA Litig.*, 339 F. Supp. 2d 561, 568 (S.D.N.Y. 2004) (citing *In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1368–69 (2d Cir. 1991)).

[12] *See* N.Y. Gen. Oblig. Law § 15–108 (McKinney 1989) ("section 15-108"); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 209 n.8 (1994).

[13] *In re Masters Mates*, 957 F.2d at 1029.

relative culpability of both settling and non-settling defendants, and the non-settling defendant pays a commensurate percentage of the judgment."[14] The Second Circuit has approved the capped proportionate share approach codified in section 15-108 because, by "awarding a credit that is at least the settling defendants' proven share of liability, the non-settling defendants' rights are protected even without a determination of the fairness of the settlement."[15]

## IV. DISCUSSION

Morgan Stanley opposes entry of the Bar Order on two grounds. *First*, Morgan Stanley alleges that "the proposed settlement agreement and accompanying proposed [Bar Order] would violate IKB's contracts with Morgan Stanley."[16] *Second*, Morgan Stanley objects to the language of the Bar Order as invalid for being over-broad "to the extent it could be construed to affect Morgan Stanley's express contractual indemnification rights."[17] Morgan Stanley's objections thus present the Court with two questions: (1) whether Morgan Stanley's settlement veto rights under the Indemnification Provision should

---

[14] *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 161 (4th Cir. 1991). *Accord In re Masters Mates*, 957 F.2d at 1029.

[15] *Gerber*, 329 F.3d at 303.

[16] Opp. Mem. at 1 (referring to Morgan Stanley's veto rights under the Indemnity Provision).

[17] *Id.* at 2.

6

dissuade the Court from entering the Bar Order; and (2) whether the Modified Bar Order could be construed to impermissibly modify Morgan Stanley's contractual rights to seek indemnification from IKB.

### A.   Morgan Stanley's Contractual Rights to Veto IKB's Settlement

Morgan Stanley's argument against the Court entering *any* Bar Order proceeds in three steps: (1) the allegations giving rise to this action contractually require IKB to indemnify Morgan Stanley; (2) under the Indemnity Provision, Morgan Stanley has the right to veto any settlement that does not discharge it of all liability in the underlying action; and (3) entry of a Bar Order would violate Morgan Stanley's contractual veto rights by enabling IKB to complete its settlement with Plaintiffs.[18]

IKB argues that "[i]t makes no sense to reach the [indemnification] issue in the context of the Bar Order, because the claim for breach of the supposed right to approve a settlement . . . is inseparable from Morgan Stanley's supposed substantive claim to indemnification."[19] I agree. Morgan Stanley is essentially asking this Court to reach the merits of a breach of contract claim against IKB without formally bringing the claim. To do so would require resolution of a

---

[18]   *See id.* at 2-3.

[19]   Reply Memorandum of Law of IKB in Further Support of IKB's Motion for the Entry of Bar and Judgment Reduction Order ("Reply Mem.") at 4.

number of issues that the parties have not fully briefed (or briefed at all), including whether the Indemnity Provision applies to this action, whether Morgan Stanley has waived its rights under the Indemnity Provision, and whether Morgan Stanley is barred by laches from asserting its rights under the Indemnity Provision.[20] I also note that because the contract is governed by English law,[21] deciding those issues would likely require briefing on English contract law. I therefore decline Morgan Stanley's invitation to decide the veto issue in the context of the Bar Order. If Morgan Stanley wants specific performance of its contract with IKB, it should seek that in a cross-claim against IKB, to allow full briefing and resolution of all the issues such a claim would raise.

    **B.**    **The Modified Bar Order**

In addition to Morgan Stanley's blanket opposition to this Court entering any Bar Order, Morgan Stanley also objects to specific language in the particular Bar Order proposed by IKB as over-broad and potentially impinging on its contractual rights to indemnity.

Neither Morgan Stanley nor IKB allege that their contractual relationship in any way modified either party's rights under section 15-108. Further, both parties agree that section 15-108's contribution bar "does not apply to

---

[20] *See id.* n.5.

[21] *See* Engagement Letter at 17.

[any] defendant's claim for indemnity (as distinct from contribution) under an express contractual provision that shifts liability in its entirety to another party."[22] The crux of Morgan Stanley's complaint is that the Modified Bar Order is so broadly worded that it expands IKB's protections beyond those afforded it by section 15-108, impinging on Morgan Stanley's contractual indemnification rights.

The Modified Bar Order provides for a discharge of claims against settling defendants "to the full extent such claims are precluded pursuant to New York General Obligations Law sec. 15-108 (the "Barred Claims"). This Order bars, enjoins, or restrains only the Barred Claims."[23] In order to fully protect Morgan Stanley's interests and achieve the protections sought by IKB,[24] I am further adding clarifying language to the Bar Order as follows (changes in italics):

> The Settling Defendants . . . are discharged from all claims . . . to the full extent — *but no further than* — such claims are precluded pursuant to New York General Obligations Law sec. 15-108. This Order bars, enjoins, or restrains only the Barred Claims, *and should not be construed in any way to limit the rights of the Non-Settling*

---

[22] *Gibbs-Alfano v. Burton*, 281 F.3d 12, 20 (2d Cir. 2002) (citing *Weinstock v. Jenkin Contracting Co.*, 520 N.Y.S.2d 589, 590-91 (2d Dep't 1987)). *See* Opp. Mem. at 2 (quoting *Gibbs-Alfano*) and Reply Mem. at 3 (same).

[23] Modified Bar Order at 3.

[24] *See* Reply Mem. at 3 ("The modified Bar Order provides that the Settling Defendants are discharged *solely* from claims 'to the full extent such claims are precluded pursuant to [section 15-108].'") (emphasis added). The language I am adding to the Bar Order will ensure that IKB is afforded all the protections of section 15-108, but no further protections.

*Defendants beyond those limits imposed by New York General Obligations Law sec. 15-108."*

Because the Second Circuit has approved the capped proportionate share approach codified in section 15-108,[25] the new language sufficiently protects Morgan Stanley's third-party interests.

Because established federal policy favors settlement, and because this Court's Bar Order adequately protects Morgan Stanley's interests, I am granting IKB's motion for entry of a Bar Order.

Accordingly, the Clerk of the Court is directed to close this motion [Docket No. 265].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 31, 2012

---

[25] *See Gerber*, 329 F.3d at 303.

- Appearances -

**For Plaintiffs King County, Washington and Iowa Student Loan Liquidity Corporation:**

Daniel S. Drosman, Esq.
Jessica T. Shinnefield, Esq.
Darryl J. Alvarado, Esq.
Anne L. Box, Esq.
James A. Caputo, Esq.
Patrick J. Coughlin, Esq.
Nathan R. Lindell, Esq.
David C. Walton, Esq.
X Jay Alvarez, Esq.
Christina A. Royce, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058

Luke O. Brooks, Esq.
Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
1 Montgomery Street, Suite 1800
San Francisco, California 94104
(415) 288-4545

Samuel H. Rudman, Esq.
Jarrett S. Charo, Esq.
David A. Rosenfeld, Esq.
Robert M. Rothman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

**For Defendants Morgan Stanley & Co., Inc. and Morgan Stanley & Co. International Limited:**

James P. Rouhandeh, Esq.
Antonio Jorge Perez-Marques, Esq.
William Ross Miller, Jr. Esq.
Christopher Joseph Roche, Esq.
Andrew Dickens Schlichter, Esq.
Jessica Lynn Freese, Esq.
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4559

**For Defendants IKB Deutsche Industriebank AG and IKB Credit Asset Management, GmbH:**

John D. McFerrin-Clancy, Esq.
Zachary D. Rosenbaum, Esq.
Lowenstein Sandler PC
1251 Avenue of The Americas
New York, New York 11020
(212) 262-6700

Thomas E. Redburn, Jr., Esq.
Jennifer Jane McGruther, Esq.
Michael James Hampson, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2456

**For Defendants Moody's Investors Service Limited and Moody's Investors Service, Inc.**

Mario Aieta, Esq.
James J. Coster, Esq.
Dai Wai Chin Fenman, Esq.
Joshua M. Rubins, Esq.
Justin E. Klein, Esq.
James J. Regan, Esq.
Joshua M. Rubins, Esq.
Aaron M. Zeisler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

**For Defendant The McGraw Hill Companies, Inc. d/b/a Standard & Poor's Rating Services**

Dean I. Ringel, Esq.
Andrea R. Butler, Esq.
Floyd Abrams, Esq.
Jason M. Hall, Esq.
Brian T. Markley, Esq.
Tammy L. Roy, Esq.
Adam N. Zurofsky, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

**For Defendant Fitch, Inc.**

Andrew J. Ehrlich, Esq.
Martin Flumenbaum, Esq.
Donna M. Ioffredo, Esq.
Roberta A. Kaplan, Esq.
Mark S. Silver, Esq.
Tobias J. Stern, Esq.
Julia Tarver-Mason Wood, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3166